SANFORD PROCTOR *vs.* PETER BAUBY.

Third Judicial District, New Haven, January Term, 1916.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

A correction of the finding which, if made, would be of no avail to the appellant, will be denied.
In his answer the defendant alleged that he never signed, executed, or delivered the note in suit, and his evidence was presented upon

Proctor *v.* Bauby.

that theory. *Held* that he was not entitled to have the finding, that he signed the note as a joint and several maker, corrected so as to show that he signed as an indorser.

A verdict rendered upon conflicting evidence will not be set aside, if the conclusion reached was one that was reasonably and fairly open to the jury.

A note reading "I promise to pay," which is signed by two or more persons, is a joint and several obligation.

A request to charge respecting the liability of the appellant as indorser, may properly be refused if the evidence furnishes no reasonable ground for claiming that he signed the note otherwise than as maker.

It is sufficient if the charge as given is correct in law, is adapted to the issue, and is adequate for the guidance of the jury.

Argued January 19th—decided March 15th, 1916.

ACTION to recover of one of the alleged makers of a certain promissory note the unpaid balance due thereon, with interest, brought to the City Court of Waterbury and thence, by the defendant's appeal, to the District Court of Waterbury and tried to the jury before *Reeves, J.;* verdict and judgment for the plaintiff for $458, and appeal by the defendant. *No error.*

*Francis J. Hogan,* with whom was *Charles W. Bauby,* for the appellant (defendant).

*Howard B. Snow,* for the appellee (plaintiff).

RORABACK, J. The plaintiff seeks to recover the unpaid balance of a note for the principal sum of $2,800, upon which divers payments were made down to November 20th, 1913. The note reads as follows:—

"$2800.00        Waterbury, Conn., Nov. 30, 1906.

For value received, I promise to pay Sanford Proctor of City of Waterbury, or order, twenty-eight hundred dollars, with interest at 5 per cent per annum, payable semi-annually, together with all taxes and assessments

of every nature when due, that may be laid on said sum and on the property by which it is secured. Principal of note is to be paid in payments of $600 every six months thereafter and in default of any payments, said note shall become due and payable on demand.

ATTILIO MENICHINO
PETER BAUBY"

The writ was dated August 12th, 1914. The defendant's answer denied the allegations of the plaintiff's complaint. In a special defense the defendant pleaded the statute of limitations, and that he never signed, executed, or delivered the note in controversy. The plaintiff replied that Attilio Menichino, one of the makers of the note, on December 2d, 1913, paid the interest on the note to that date, and also made a payment to apply on the principal of the note.

Numerous errors are assigned, but few, however, call for consideration. There are several exceptions to the finding and the refusal of the trial court to include in it certain matters which the appellant contends that he offered evidence to prove. In this connection we are asked, in several instances, to correct the finding. With one exception, the finding, if corrected, would not tend to support the appeal. The appellant claims that evidence showed that he signed the note now before us as an indorser and not as a maker. A sufficient reply to this contention is that no such defense was pleaded. It also appears from the record that the appellant's evidence was presented upon the sole theory and claim that he never signed, executed, nor delivered this note as maker or indorser. Therefore the motion to correct is denied.

The motion to set aside the verdict on the ground that it was against the law and the evidence was properly denied by the trial court. The evidence was con-

flicting, and it was such that the jury might have reasonably and fairly found the issues for the plaintiff. In this view of the case it becomes unnecessary to pass upon the plaintiff's claim that the appeal from the refusal of the court to set aside the verdict was not seasonably made.

Several of the defendant's reasons of appeal are based upon the theory that the court should have instructed the jury, as requested, that, as a matter of law, it appears that the plaintiff should have brought his action upon a complaint alleging that the defendant was liable as an indorser of the note, and not that he was the maker. The language of the note, "I promise to pay," etc., makes the contract of both signers joint as well as several. The pronoun "I" represents the signers collectively as well as severally. General Statutes, § 4187, provides: "(7) where an instrument containing the words, I promise to pay, is signed by two or more persons, they are deemed to be jointly and severally liable thereon." As we have already suggested, there is nothing in the defendant's evidence which indicates that he was seeking to establish any other defense than the one that he never, in fact, had signed the note. We must infer from the verdict that the jury found that the defendant signed this note. The evidence furnished no reasonable basis for a claim that he signed the note otherwise than as maker. Therefore the trial judge did not err in refusing to charge the jury as requested. *Water Commissioners* v. *Robbins,* 82 Conn. 623, 643, 74 Atl. 938.

The jury were instructed that "where a note contains the words, 'I promise to pay,' and is signed by two persons as makers, they are deemed to be and are jointly and severally liable thereon, and either of the makers is liable for the full amount of the note due and unpaid." The charge upon this point was correct in

law, adapted to the case as it was presented to the jury, and was sufficient for their guidance in reaching a verdict.

There is no error.

In this opinion the other judges concurred.