JOHN F. McDONOUGH, TRUSTEE, *vs.* MEYER COHEN.

Third Judicial District, Bridgeport, April Term, 1916.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

A so-called fact is not necessarily established or undisputed, merely because it is not directly contradicted by the oral testimony of a witness; for it may be so improbable on its face, or in view of other circumstances, as to warrant the trier in disbelieving the evidence of its existence.

The fact that the defendant, a creditor of a bankrupt, attached and closed his store, may have some tendency to prove the creditor's knowledge of his debtor's insolvency when alleged illegal preferential payments were made to him; at all events, the admission of that fact in evidence will not be treated as erroneous if the record does not disclose when the attachment was made.

Evidence is admitted, not because it is shown to be competent but because it is not shown to be incompetent.

The evidence in the present case briefly reviewed and *held* to demonstrate the preferential nature of the payments made by the bankrupt to the defendant.

Argued April 11th—decided June 2d, 1916.

ACTION by a trustee in bankruptcy to recover money paid by the bankrupt to the defendant as an alleged

illegal preference, brought to and tried by the Superior Court in New Haven County, *Reed, J.;* facts found and judgment rendered for the plaintiff for $1,052, and appeal by the defendant. *No error.*

*William Kennedy* and *Dennis W. Coleman*, with whom was *Alfred C. Baldwin*, for the appellant (defendant).

*John J. O'Neill* and *Herman J. Weisman*, for the appellee (plaintiff).

RORABACK, J. This is an action brought against the defendant by John F. McDonough, as trustee of the estate of Samuel Karlin, who on the 15th day of April, 1912, filed a voluntary petition in bankruptcy in the District Court of the United States for the District of Connecticut. The trial court held that certain payments made by Karlin, the bankrupt, within four months before the petition in bankruptcy was filed, constituted a preference to the defendant over other creditors of the same class.

The facts found fully sustain this conclusion; but there are several exceptions to the finding, and to the refusal to incorporate in it certain matters which the appellant contends were established by incontrovertible evidence, which are now before us. The following facts are found: On October 16th, 1911, the defendant and one Samuel Karlin were conducting a retail cloak and clothing store as copartners in Naugatuck. Karlin and the defendant each owned an equal interest in the business and property of this copartnership. Karlin and Cohen were brothers-in-law. They each put $700 as capital into the partnership, and were equal partners. The business was continued in this manner until some time in the latter part of October, 1911. Late in October or early in November, 1911, the partnership was

indebted to various creditors for about $3,800. Its bills were coming due and there were no funds with which to pay them. Cohen, the defendant, was a man of property and able to pay all of the obligations of the partnership. Karlin was a man of no property and had nothing but his interest in the partnership, which in October or November, 1911, was of no value if the debts were paid. The assets of the partnership, in October or November, 1911, were less than $3,000. This copartnership was dissolved November 11th, 1911, and on the same day a bill of sale, from Cohen to Karlin, of his interest in the partnership, was filed in the town clerk's office in Naugatuck. The notice and bill of sale were dated October 28th, 1911. At this time Cohen claimed to have advanced $800 to pay bills of the partnership which were due and had to be paid. At the same time Karlin gave Cohen a note for $1,500, which amount included the $700 originally paid in by Cohen, and the $800 which he claimed he had advanced to pay bills. When the transaction relative to the note was concluded, Karlin had assets amounting to less than $3,000 and owed $4,500, including the note before referred to. Within four months of the date of the filing of the petition in bankruptcy by Karlin he paid the defendant, Cohen, $870 on this note of $1,500. On April 15th, 1912, Karlin filed a petition in bankruptcy and was duly adjudicated a bankrupt in the United States District Court for the District of Connecticut. The plaintiff was then duly appointed trustee on this estate, qualified, and is now settling the estate. Karlin was insolvent in October, 1911, when Cohen transferred his interest in the partnership to him, and he remained insolvent at all times thereafter until he filed his petition in bankruptcy on April 15th, 1912. At this time Karlin owed debts amounting to $4,129.11 and his assets were of the value of $1,201.65. Karlin's assets

brought $709 in liquidating his estate, and there will be available to pay dividends about $300. The creditors whose claims have been proved will not receive eight per cent on their claims. The result of this transfer of $870 from Karlin to Cohen was that Cohen received a greater per cent of his debt than the other creditors. Cohen knew that the payment of $870 would effect a preference, and that Karlin was insolvent when the payment was made.

It is apparent that the defendant's counsel, in drafting their exceptions to the finding, overlooked several statements and admissions which were made by Cohen in his testimony given by him before the referee in bankruptcy, in evidence in this case. His testimony upon this occasion supports several of the material facts, which the defendant now contends are wholly without evidence to sustain them. Karlin's petition filed by him in the bankruptcy proceedings, containing a sworn statement of his assets and liabilities, was admitted in evidence without objection in the trial of the case in the court below. These schedules may not have been admissible as showing the financial condition of the bankrupt at the time when these alleged preferential payments were made, *Batchelder* v. *Home National Bank*, 218 Mass. 420, 105 N. E. 1052, but the defendent's own testimony in the bankruptcy court, upon this point, was such as to sustain the plaintiff's allegation and claim that when these payments were made by Karlin to Cohen the latter had reasonable grounds to believe that it was intended by such payments to give a preference to him, within the meaning of the Bankruptcy Act.

The only exception to the finding which calls for serious consideration is the one relating to the amount of payments which it is found had been made by Karlin to the defendant, within four months before Karlin

filed his petition in bankruptcy. The defendant testified that $575 of the $870 paid to him on the $1,500 note was paid by his sister, Karlin's wife, and not by Karlin. Mrs. Karlin, in her direct examination, also testified to the same effect. The defendant now claims that this fact was established by the undisputed evidence of Mrs. Karlin and the defendant, and that the finding should be corrected upon this point. It is true, as the defendant contends, that the testimony as to this fact was not contradicted by any living witness; but the absence of direct contradiction by the mouth of a witness does not make a so-called fact undisputed. *Dean* v. *Connecticut Tobacco Corporation*, 88 Conn. 619, 623, 92 Atl. 408; *Allis* v. *Hall*, 76 Conn. 322, 340, 56 Atl. 637. An examination of the record discloses that the defendant's version of this transaction may have been found improbable, in view of the claim which the defendant made in the hearing before the referee in bankruptcy and the testimony which was given by him and Mrs. Karlin in the trial of the case in the court below. This evidence was such as to warrant the inference, by the court, that the defendant's testimony and claim upon this point were not true.

One ruling on evidence is complained of. The plaintiff testified that the defendant attached the bankrupt Karlin's store and closed it. The defendant claims that this evidence was immaterial and should not have been admitted. "Evidence is admitted not because it is shown to be competent, but because it is not shown to be incompetent." *Plumb* v. *Curtis*, 66 Conn. 154, 166, 33 Atl. 998. It does not appear when this attachment was made. If it occurred at or about the time that these alleged preferential payments were made to the defendant, the evidence may have been properly received as tending to prove knowledge upon the part of the defendant as to Karlin's insolvency when these

payments are said to have been made. Certainly the record does not disclose that it was incompetent.

It appears from the record that the plaintiff, as a witness in his own behalf, testified fully and in detail as to the amount of the inventoried assets of the bankrupt estate, which came into his hands as trustee; as to the net amount which he had received from the sale of the assets; his expenses of administration of the estate; the sum total of the general and preferred claims of the creditors on the estate; and without objection testified that the general creditors would receive approximately about nine per cent of their claims. It was also conceded that the defendant, within four months before his filing his petition in bankruptcy, had received $870 in payments upon his claim of $1,500 as evidenced by the note. It needs but little mathematical calculation to demonstrate that if these alleged preferential payments are sanctioned by this court, that the payments made by Karlin to the defendant on his $1,500 note would have the effect of giving the defendant a preference over any of the other creditors of the same class as the defendant. It follows, therefore, that the objection made by the defendant, upon the ground last stated, is without merit.

There is no error.

In this opinion the other judges concurred.