HUBERT E. WARNER, JR., *vs.* JAMES McLAY.

Third Judicial District, New Haven, January Term, 1918.
PRENTICE, C. J., RORABACK, WHEELER, BEACH AND SHUMWAY, Js.

It is the duty of the trial court to give the jury instructions which are correct in law, adapted to the issues, and sufficient for their guidance in determining such issues upon the ultimate facts as they may reasonably be found from the evidence.

A building contractor who has been wrongfully prevented by the owner from completing his contract, is entitled to recover as damages not only his expenditures theretofore incurred in the partial completion of the structure, but also such profits as he would have realized had his undertaking been fully performed; and the measure of such profits would be the contract price, less the cost of the labor and material required to complete the building.

In the present case the jury were instructed, in substance, that the plaintiff was entitled to recover his necessary expenditures and also a reasonable profit upon his contract, which might be ten per cent, as claimed by the plaintiff. *Held* that this instruction was clearly insufficient for the guidance of the jury upon the question of profits.

The credibility of witnesses and the weight to be given to their testimony are matters peculiarly within the province of the jury; and this is true although the defendant offers no evidence. Accordingly, an instruction that the jury "would be obliged to take the evidence as submitted to them by the plaintiff" is incorrect, though it may not be prejudicial, as in the present case, when read in connection with other portions of the charge.

An assignment of the plaintiff's claim shortly before trial will not de-

feat the action (General Statutes, § 622), and therefore the rejection of evidence to prove such assignment, when offered by the defendant, is harmless.

A subcontractor testified as to the amount the plaintiff had paid him for work and materials upon the job. *Held* that this evidence was plainly admissible in support of the allegations of the complaint respecting damages.

Argued January 17th—decided March 12th, 1918.

ACTION to recover damages for the defendant's refusal to permit the plaintiff builder to carry out his agreement for the construction of a garage, pursuant to a contract between the parties, brought to the City Court of New Haven and tried to the jury before *Booth, J.;* verdict and judgment for the plaintiff for $495, and appeal by the defendant. *Error and new trial ordered.*

The theory of the plaintiff, as shown by his complaint and prayer for relief, is that he is entitled to recover damages for expenditures and loss of profits occasioned by the breach of a written building contract. It is apparently conceded that there was an unjust abrogation of this contract by the defendant, and an important question presented by the appeal is as to the measure of damages.

Upon this branch of the case the jury were told that the plaintiff also "claims he is entitled to ten per cent profit upon this contract. Of course, in the event of a breach of contract, and the contract was broken, the evidence discloses that; there is no dispute about it; the contract was broken by Mr. McLay's refusal to allow it to proceed, and he does not deny it. Therefore, the contract having been broken, if Mr. Warner was willing and ready to carry out his part of it but was prevented by Mr. McLay from doing so, he is entitled to any damage he may suffer by reason of the failure of Mr. McLay to allow him to proceed, and

he would be entitled to recover any amount of money he was obliged to expend in the securing of materials, and also a reasonable profit upon his contract, which he says is ten per cent. I haven't the figures. He gave you figures of the different parts of the building showing that there would be a profit."

The jury were also instructed that they were to be "guided by the evidence submitted before you, and there is no conflict of evidence, because the defendant has offered none, so you will then be obliged to take the evidence as submitted by the plaintiff."

*Arthur B. O'Keefe* and *John Cunliffe, Jr.,* for the appellant (defendant).

*Carl A. Mears,* for the appellee (plaintiff).

RORABACK, J. It is a familiar principle of law that it is the duty of the trial court to give the jury such instructions as are correct in law, adapted to the issues, and sufficient for its guidance in the determination of the issues upon the evidence and upon the ultimate facts as they may reasonably be found to be established by the evidence.

In the present case the plaintiff had the right to recover such sum in damages as he would have realized in profits if the contract had been fully performed. To ascertain this, it was necessary to find the cost and expense of the work and materials necessary to complete the contract. This sum, deducted from the contract price, would have given a balance which would be the profit which would have accrued to the plaintiff out of the contract, if it had been fulfilled. This the plaintiff had a right to receive in addition to his expenditures for work and labor supplied toward the completion of the contract. *Fox* v. *Harding,* 61

Mass. (7 Cush.) 516, 523; *United States* v. *Behan*, 110 U. S. 338, 4 Sup. Ct. 81.

The substance of the instruction to the jury upon this branch of the case was that the plaintiff was entitled to recover for his necessary expenditures and also a reasonable profit upon his contract, which might be, as the plaintiff claimed, ten per cent. It is apparent that these instructions were not sufficient for the proper guidance of the jury upon the question of profits. There was no attempt to make an application of the principle of law which we have just cited. There was no attempt to define profits, nor any instruction given as to how these profits were to be estimated. The remarks of the court upon this point may have been proper as a statement of the plaintiff's claim for damages, but adopting this claim as the proper rule for damages, was making these claims the law for the jury, instead of directing their attention to the correct legal principles applicable to such a situation.

The trial court was incorrect in stating to the jury that they would "be obliged to take the evidence as submitted by the plaintiff." The credibility of witnesses and the weight to be given to their testimony are matters peculiarly within the province of the jury. *McDonough* v. *Cohen*, 90 Conn. 469, 473, 97 Atl. 861; *Allis* v. *Hall*, 76 Conn. 322, 340, 56 Atl. 637. Had these remarks been all that the court said to the jury upon this subject, we should hesitate to hold that the jury were not misled by them. But in other portions of the charge we find that they were informed that in this, as in all civil cases, the duty is incumbent upon the plaintiff, the man who brings the action, to sustain all the material allegations of his complaint by a fair preponderance of the evidence. They were also told that "if you find that the plaintiff has sustained the allegations of his complaint, then you will only

Crawford *v.* Bridgeport.

have to decide the amount of damages to which he is entitled." They were furthermore instructed that "should you decide the plaintiff has failed to sustain the allegations of his complaint, your verdict should be for the defendant." The incorrect instructions, when read as they should be with the further observations of the court to which we have just alluded, could not have misled the jury.

The court did not err in rejecting testimony offered by the defendant as to an assignment by the plaintiff of the claim now in controversy, which was made after the commencement of this action and within a few days before it was tried in the court below. The admission of this testimony would not have defeated the plaintiff's action, and therefore its rejection was harmless. General Statutes, § 622.

The evidence of the subcontractor Russell, as to the amount which the plaintiff had paid him, was plainly admissible to sustain the allegations and claim of the plaintiff as to the amount of his expenditures for work and material furnished in part performance of his contract.

There is error, the judgment is reversed and a new trial ordered.

In this opinion the other judges concurred.