## MATTHEW LAUKAITIS *vs.* JOHN F. KLIKNA.

Third Judicial District, New Haven, January Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

A verdict will not be set aside on the ground that it is "against the weight of the evidence."

Certificates of conviction for violation of the National Prohibition Act which do not specify the offenses involved, are not admissible to affect the credibility of a witness, since they afford no means of determining whether one of the essential elements of an infamous crime—a possible penalty of imprisonment for six months or more—is present.

It is not enough for a trial judge to charge the jury as to the general principles of law which control the issues before them; he must go further and apply those principles to the facts that may properly be found by the jury, in such a manner that the relation of the law to the facts may be most readily understood by them.

In the present case, the vital issue raised by the pleadings and evidence was whether the defendant fraudulently represented to the plaintiff the financial responsibility of one Z, and thereby induced the plaintiff to take Z's note, secured by a bill of sale, in part payment for a conveyance of real estate. The trial court correctly instructed the jury as to the essential ingredients of an action for fraudulent representation, but failed to call their attention to the evidence bearing upon these principles or to the conduct of the parties or to the necessity that each element of the fraud alleged must be proved by a fair preponderance of the evidence, and gave undue prominence to other features of the case under an obvious misconception as to the real gist of the action, and thus minimized and obscured the controlling issue. *Held* that that charge was inadequate and insufficient.

Argued January 21st—decided April 8th, 1926.

ACTION to recover damages for alleged fraudulent representations, brought to the District Court of Waterbury and tried to the jury before *Makepeace, J.;* verdict and judgment for the plaintiff for $4,048,

and appeal by the defendant.  *Error and new trial ordered.*

*James M. Lynch* and *J. Gregory Lynch,* for the appellant (defendant).

*Frederick M. Peasley,* with whom, on the brief, was *Clayton L. Klein,* for the appellee (plaintiff).

HAINES, J.  In the trial court, the defendant moved to set aside the verdict, and for a new trial, "because the same is against the evidence, the weight of the evidence, and excessive."  The denial of this motion is made the first reason of appeal.  A careful reading of the transcript of the evidence makes it clear that the jury reached its conclusion upon sharply conflicting testimony, of the weight and credibility of which it was the sole judge.  On the issues which were presented to the jury, the verdict was not excessive.  That the verdict was "against the weight of the evidence" is an improper assignment of error, as our decisions have repeatedly declared.  *Richard* v. *New York, N. H. & H. R. Co.,* 104 Conn. 229, 132 Atl. 451.  This motion to set aside the verdict was properly denied.

There are ten additional reasons of appeal, two of which relate to rulings upon evidence, and the remainder to the charge of the court.  The plaintiff-appellee filed a bill of exceptions because of another ruling upon evidence.  The information furnished us as to the evidence which the court excluded and to which the bill of exceptions is directed; is contained in two certificates of conviction for violation of the National Prohibition Act.  The certificates do not state what the specific offenses were of which the accused was found guilty.  In support of the bill, counsel in their brief say that under a statute of the State of

Connecticut, the accused "might have been imprisoned in the State prison." We are only concerned with the penalty prescribed by the Federal statute under which he was in fact prosecuted. That the violation of the National Prohibition Act involves moral turpitude, we have recently decided. *Kurtz* v. *Farrington*, 104 Conn. 257, 132 Atl. 540.

There was thus present, one of the two necessary elements of an infamous crime, the conviction of which may, by our statute, be shown to affect the credit of a witness; since we have no means of knowing the penalty prescribed by the National Prohibition Act for the offenses of which the accused was found guilty, the second element necessary to constitute it an infamous crime, viz., six months imprisonment or more, was lacking. The bill of exceptions is not sustained.

Before taking up the reasons of appeal, it is important that we set clearly before us the issues presented by the pleadings. The original and the "amended" complaints show uncertainty on the part of the pleader as to the exact basis of his action. The amended complaint is obviously a substitute for the one first filed. Its allegations, in effect, are: that the plaintiff was the owner of the real estate in question; that it was worth $15,000; that in July, 1920, the defendant bought it of the plaintiff for $14,800; that $3,300 of that price was to be paid by a note for that sum, made by one Zoock to the defendant, which note was to be secured by a conditional bill of sale of certain store fixtures and other personal property of Zoock; that for the purpose of inducing the plaintiff to accept the note and such security, the defendant made certain false and fraudulent statements to the plaintiff as to the financial soundness of Zoock; that the plaintiff relied upon these representations and gave the defendant a deed of the real estate; that the note and bill of sale were in fact

valueless, and within a month thereafter Zoock, on voluntary petition, was adjudicated a bankrupt; and finally, that the $3,300 balance of the purchase price of the real estate has never been paid. Damages of $5,000 are claimed. The essential effect of the answer is an admission that the defendant bought the real estate of the plaintiff for $14,800 and received a deed therefor, and a denial of other allegations; and by a special defense, the defendant alleges payment in full for the real estate.

The sale of the property by the plaintiff to the defendant for $14,800 and the passing of the deed from the plaintiff to the defendant are not in dispute. The payment of the rest of the purchase price, aside from the $3,300, is also conceded. It is also not in dispute that the defendant wished to pay this by a note which he had. This note was made by one Zoock, and payable to the defendant. The plaintiff was not satisfied at first that this note was good, and much of the evidence relates to this phase of the case. The complaint, in effect, alleges that the plaintiff was induced by the false and fraudulent statements of the defendant as to the financial soundness of Zoock, to accept this note or his bill of sale, one or both. It is this fraud that the defendant denies, and the issue thus raised characterizes the action as one for fraud and deceit. The defendant's special defense of payment might have been eliminated by means of a demurrer. The action was one for fraud, not for money had and received.

This, then, is the gist of the case and suggests an early examination of the second reason of appeal, which urges the insufficiency of the charge concerning fraudulent representations in that it did not make application of the law to the facts of the case adequate for the direction of the jury. The controlling importance of this feature of the case, called not only for

full exposition of the law upon the subject of fraud and fraudulent conveyances, but for explicit directions to the jury as to the application of that law to the issues of the case. The jury were entitled to have from the court, such instructions upon this feature of the case as were correct in law, adapted to the issues, and sufficient for their guidance in the decision of those issues upon the evidence, and upon the ultimate facts as they could reasonably find them to be established. *Water Commissioners* v. *Robbins,* 82 Conn. 623, 636, 74 Atl. 938; *Proctor* v. *Bauby,* 90 Conn. 251, 254, 96 Atl. 935; *Warner* v. *McLay,* 92 Conn. 427, 429, 103 Atl. 113; *Miles* v. *Strong,* 68 Conn. 273, 291, 36 Atl. 55.

An examination of the entire charge as it appears in the record shows that the only references made to this issue were the following: "Now, considering the allegations of the plaintiff, it is necessary to give you a definition or explanation of the meaning of fraudulent representations. And I charge you that whenever a fraudulent representation is a ground upon which relief is sought, certain essential ingredients must be proved by a fair preponderance of the evidence. (1) That the representation was made as a statement of fact, (2) that it was untrue and known to be untrue by the party making it, (3) that it was made for the purpose of inducing the other party to act upon it, (4) that the party to whom the representation was made was in fact induced thereby to act to his injury. This early definition of false representations has been later extended by our decisions to include false representations relied and acted on to one's loss, made knowingly and recklessly with intent to deceive, or on unreasonable or groundless belief in their truth." Later, in referring to certain checks which had been placed in evidence, the court further said: "The plaintiff

claims that these checks, over a period of years without payment, show that Klikna knew of the insolvency of Zoock and concealed the same from the plaintiff, and that such was fraud. I charge you as a matter of law that fraud in law is seldom susceptible of proof by single pieces of direct evidence, and you will consider all the evidence bearing on that claim with reference to the plaintiff's claim of fraud." At no other point in the charge is this feature of the case touched upon.

The essential ingredients of an action for fraudulent representation are correctly stated in the first quotation we make from the charge; *Scholfield Gear & Pulley Co.* v. *Scholfield,* 71 Conn. 1, 19, 40 Atl. 1046; *Dwyer* v. *Redmond,* 103 Conn. 237, 244, 130 Atl. 108; *Sallies* v. *Johnson,* 85 Conn. 77, 82, 81 Atl. 974; *Barnes* v. *Starr,* 64 Conn. 136, 150, 28 Atl. 980; however, " 'it is not the proper course for a judge to lay down the general principles applicable to a case and leave the jury to apply them, but it is his duty to inform the jury what the law is as applicable to the facts of the case.' " *Sisson* v. *Stonington,* 73 Conn. 348, 354, 47 Atl. 653; *Morris* v. *Pratt,* 32 Conn. 75. "It is the duty of the court to state the law, applicable to the facts that may be properly found by the jury, correctly, in such manner that the relation of the law to the facts may be most readily understood by the jury." *Crotty* v. *Danbury,* 79 Conn. 379, 385, 65 Atl. 147.

The charge as given falls short of meeting these requirements. Among other things, the attention of the jury should have been directed to the fact that this was the controlling issue in the case, and that it was necessary for the plaintiff to establish every element of the fraudulent representation which he claimed, by a fair preponderance of the evidence. Their attention should have been called to the evidence before them, as presented by both parties, upon this point, so that

it could be correctly weighed in the light of these legal requirements. It should have been made clear to the jury that they were to consider whether the statements of the defendant were made, whether they were made as statements of fact or of opinion or belief, whether they were made recklessly or fraudulently as known false statements with the intent to induce the plaintiff to part with the title to his property, and whether he was in fact induced, without fault of his own, by the fraudulent statements of the defendant, to make this transfer to him.

This issue of fraudulent representations was the vital issue of the case, and the failure to give the jury adequate instruction thereon, was error.

This result cannot be affected by any extended consideration of other reasons of appeal. The failure to furnish the jury an adequate rule for estimating the damages, was obviously the result of a misconception as to the gist of the action. This erroneous view, that the suit was one for the recovery of a balance of the purchase price rather than one for false representations, also doubtless accounts for the undue prominence given to other features of the case, such as that complained of in the sixth reason of appeal.

There is error and a new trial is ordered.

In this opinion the other judges concurred.