CARMINE CEFERATTI *v.* HENRY P. BOISVERT ET AL.
(3343)
CARMINE CEFERATTI *v.* HENRY P. BOISVERT ET AL.
(3395)

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued October 4—decided November 14, 1950

*Stephen A. Homick,* for the appellants (defendants).

*Walter W. Smyth,* with whom were *Joseph A. Hackett* and, on the brief, *John H. Cassidy,* for the appellee (plaintiff).

BALDWIN, J. These two cases involve a single transaction and identical parties. In one action the plaintiff brings suit to foreclose a mortgage for $5000 given to him by the defendants as part of the purchase price for a dwelling house and garage in Waterbury. In the other he seeks judgment upon a note for $1200 which, secured by a conditional bill of sale, was given in payment for furniture in the house. The defendants denied that they were indebted to the plaintiff and alleged by way of counterclaim in both actions that on the date of sale and prior thereto the plaintiff "falsely and fraudulently represented to the defendants that a furnished four-room apartment in said dwelling was rented to two separate tenants for the sum of $13.00 per week for each tenant or a total of $26 per week, and that the rental of said apartment was registered with the Office of Rent Control at Waterbury for said sum of $26 per week." This the plaintiff denied. The defendants appeal from judgments in favor of the plaintiff on the complaints and counterclaims.

The facts found by the trial court which are not subject to material correction may be summarized as follows: Through an advertisement in a newspaper, the plaintiff offered his property, a lot with a dwelling house and two-car garage, for sale. The house had eight rooms divided into two four-room apartments, one front and one rear, each with two rooms on the first floor and two on the second. The rear apartment was rented, furnished, to two tenants. The defendants had been notified to quit the premises where

they were living, and they were in urgent need of finding another home. At the first and two subsequent meetings of the parties, which came about as the result of the advertisement, the plaintiff told the defendants that he was receiving $26 per week for the rear apartment, $13 from each tenant. At no time did the plaintiff tell the defendants, and the defendants did not inquire of the plaintiff, whether the rear apartment was registered at the area rent office, nor was any price stated at which it was so registered. In fact, no inquiry was made nor any discussion had by the parties concerning the area rent office, registration therein or the legal rent.

The plaintiff had obtained title to the property by devise from his wife, who had recently died. They had been separated since 1934. She had made the original registration at the area rent office. In July or August, 1947, the plaintiff inquired at the area rent office what amount he could charge for the rear apartment because of additional furnishings he had installed. He was informed that he could charge $8 and $10 a week per room. There was, however, no record in the area rent office of any such information having been given. The maximum legal rent allowed from March 14, 1943, to January 6, 1948, was $12 per week for the entire rear apartment. The defendants took possession in October 22, 1947. They collected rent from the tenants at the rate of $13 per week for three weeks until the tenants complained to the area rent office, which notified the defendants of the legal rate allowed under the regulations. This was the first actual knowledge the defendants had of the amount of rent that could be charged legally. Thereafter, they refused to pay either principal or interest on the notes in suit.

To obtain the relief asked for in their counterclaims, the defendants must establish the following essential

elements: (1) a representation made as a statement of fact; (2) that it was untrue and the plaintiff knew it to be untrue; (3) that it was made for the purpose of inducing the defendants to act upon it; (4) that the defendants were in fact so induced to act and did so to their injury. *Barnes* v. *Starr,* 64 Conn. 136, 150, 28 A. 980; *Helming* v. *Kashak,* 122 Conn. 641, 642, 191 A. 525; *Laukaitis* v. *Klikna,* 104 Conn. 355, 359, 132 A. 913; *Bradley* v. *Oviatt,* 86 Conn. 63, 67, 84 A. 321. The trial court concluded that the plaintiff had acted in good faith, honestly believing that he was entitled to charge the rentals as represented, and that he had not made the statements for the purpose of inducing the defendants to purchase his property. The defendants contend that actionable fraud may consist in withholding information as well as in making false statements. To constitute fraud by nondisclosure or suppression, there must be a failure to disclose known facts, and, as well, a request or an occasion or circumstance which imposes a duty to speak. *Behrmann* v. *Behrmann,* 110 Conn. 443, 446, 148 A. 363; *Haddad* v. *Clark,* 132 Conn. 229, 233, 43 A. 2d 221. Even if we assume that the claimed nondisclosure induced the defendants to purchase the property, a fact which the trial court has not found, under all the circumstances of this case the rule of nondisclosure could not apply in the face of a finding that the plaintiff acted in good faith and honestly believed that he was entitled to charge a rental of $13. *Dwyer* v. *Redmond,* 103 Conn. 237, 246, 130 A. 108. These are conclusions which the trial court could legally and logically draw from the subordinate facts. They preclude the defendants from prevailing upon either counterclaim.

The defendants cite *Tucker* v. *Beazley,* (D. C. Mun. App.) 57 A. 2d 191, 193. That was an appeal from a judgment entered on a nonsuit. The de-

fendant had told the prospective buyer what the rentals were in a rooming house, room by room, but had remained silent about whether the area rent office had approved them. A majority of the court held that the defendant had no right to withhold the information that the rentals had not been approved. The case before us differs in that the trial court found that the plaintiff honestly believed that he was entitled to charge the amount collected. Since this was so, in order to prevail upon their counterclaims, it was essential for the defendants to prove, and for the trial court to find, which it did not, that although the plaintiff was honest he was either culpably ignorant or had recklessly made a misstatement of facts.

The claim of the defendants that they were not in default because the debt due from them to the plaintiff had been garnished is without merit. In the first place, the question is not properly before us. The defendants did not raise this issue in their claims of law in the trial court. Practice Book §§ 157, 363; Conn. App. Proc. § 44; *Boardman* v. *Burlingame,* 123 Conn. 646, 655, 197 A. 761. In the second place, they were already in default when the purported garnishments were made.

The view which we take of this case makes it unnecessary to consider the further claims of error, which are based upon the question of damages upon the defendants' counterclaims.

There is no error.

In this opinion the other judges concurred.