UNIVERSAL LIGHTNING ROD, INC. *v.* RISCHALL ELECTRIC COMPANY, INC., ET AL.

CIRCUIT COURT

FOURTEENTH CIRCUIT
FILE No. CV 14-627-9537

Memorandum filed March 27, 1963

*Hoppin, Carey & Powell,* of Hartford, for the plaintiff.

*Alan M. Solomon,* of Meriden, for the defendants.

HOLDEN, J. This is an action, brought against the defendant Harold M. Rischall, seeking to hold him personally liable on a promissory note, in the amount of $590, which is dated April 9, 1962. The question presented is whether he is liable personally on the note. He signed the note in manner and form as follows: "Rischall Electric Co., Inc., [and under this designation] Harold M. Rischall."

The Rischall Electric Company, Inc., was a corporation which had been in business for more than twenty years. In the course of its business, certain lightning rods were ordered from the plaintiff in order to fill a contract for electrical work in a low-cost housing project. The note in question was prepared at the direction of Harold M. Rischall, hereinafter called the defendant, and none of its terms were demanded or suggested by the plaintiff.

In the course of the trial, the question of interpretation of the word "we" as used in the note was raised. Objection was made that such evidence was inadmissible under the parol evidence rule. The objection was sustained, not for the reasons stated, but because any attempt to describe the meaning of the word "we" would be, at best, self serving. Where the parties have reduced their agreement to a writing, their intention is to be determined from its language and not on the basis of any intention either may have secretly entertained. *Didriksen* v. *Havens,* 136 Conn. 41, 48. Where a note contains the words, "I promise to pay," and is signed by two persons as makers, they are deemed to be and are jointly and severally liable thereon, and either of the makers is liable for the full amount of the note

due and unpaid. *Proctor* v. *Bauby,* 90 Conn. 251, 254. Needless to say, the use of the word "we" would assess joint and several liability upon all makers. This interesting and academic question of semantics is not decisive of the issue.

The decision must be based upon the terms of § 42a-3-403 of the General Statutes, which is part of the commercial code enacted into law effective October 1, 1961. A liberal construction must be given to the sections of this law so as to secure to them a reasonable meaning and to effectuate the intention of its framers and make it workable and serviceable to the important business to which it relates. See *Austin, Nichols & Co.* v. *Gross,* 98 Conn. 782, 785. Section 42a-3-403 takes the place of § 39-21 (a section of the Negotiable Instruments Act, repealed) and states in part: "(2) An authorized representative who signs his own name to an instrument . . . (b) except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity." When the defendant executed the note in question, he did not indicate that he did so in any representative capacity.

Other cases based upon parallel facts and decided in Connecticut were brought under the provisions of § 39-21 (repealed), and *Austin, Nichols & Co.* v. *Gross,* supra, considered that statute in great detail. See *Meyers* v. *Maglaris,* 15 Conn. Sup. 29, 30. The Negotiable Instruments Act was no longer in operation when the defendant executed the note, and its provisions, however helpful, cannot apply to him.

For the reasons stated above, the issues are found for the plaintiff, and the claim of the defendant that

he is not personally liable is overruled. Interest has been expressly waived by the plaintiff. The note calls for the payment of a reasonable attorney's fee, and the sum of $168 is a reasonable fee.

Accordingly, judgment may enter for the plaintiff to recover from the defendant the sum of $590, damages, and a reasonable attorney's fee of $168, or a total to be recovered of $758 and its costs.

The suit against Rischall Electric Company, Inc., has been withdrawn and is not considered here.