**UNITED STATES of America,**
**Plaintiff-Appellant,**

v.

The **STATE NATIONAL BANK OF CONNECTICUT, Defendant-Appellee,**

and

**Charles Wergeles, Dorothy Wergeles, Charles Wergeles, Jr., and Theresa Mastrogiovanni Rush, Defendants.**

**No. 468, Docket 34142.**

United States Court of Appeals,
Second Circuit.

Argued Jan. 13, 1970.

Decided Jan. 29, 1970.

Stephen H. Hutzelman (Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Crombie J. D. Garrett, Attys., Dept. of Justice, Washington, D. C., Stewart H. Jones, U. S. Atty., Hartford, Conn., of counsel), for plaintiff-appellant.

Before KAUFMAN and FEINBERG, Circuit Judges, and LEVET,* District Judge.

LEVET, District Judge.

This appeal involves the question of whether a District Court may award at-

* Of the Southern District of New York, sitting by designation.

torney's fees to a bank-stakeholder from the funds in a taxpayer's bank accounts when the amount in the accounts is substantially less than the amount awarded in judgment to the United States upon foreclosure of federal tax liens. We reverse the District Court's judgment.

The facts are as follows:

On December 23, 1965, the United States filed a complaint in the United States District Court for the District of Connecticut against taxpayers Charles and Dorothy Wergeles for the purpose of reducing tax liens to judgment and of foreclosing the liens on certain bank accounts said to be the property of Dorothy Wergeles. The two bank accounts, both on deposit with the defendant State National Bank of Connecticut ("the bank") at its Ridgefield office, are Account No. 748 in the name of Dorothy Inez Wergeles in trust for defendant Charles Wergeles, Jr., and Account No. 749 in the name of Dorothy Inez Wergeles in trust for defendant Theresa Mastrogiovanni, now known as Theresa Mastrogiovanni Rush. On January 24, 1966, the bank filed an answer and counterclaim admitting that Accounts Nos. 748 and 749 were on deposit with it and that the accounts contained balances as of that date in the sums of $2,000 plus accrued interest and $300.94 plus interest, respectively. The bank asked the Court to adjudge whether the United States or one or more of the defendants were entitled to the accounts; sought permission to deposit such funds in the registry of the court and be discharged from all liability;[1] and requested the award of costs and attorney's fees payable out of Accounts Nos. 748 and 749.

On May 18, 1969, the United States filed a motion for summary judgment.

On July 9, 1969, the District Court, T. Emmet Clarie, Judge, without written opinion, granted the motion for summary judgment, held that the taxpayers were jointly and severally liable to the United States for the taxable year 1956 in the amount of $27,155.39, and ordered that Dorothy Wergeles surrender the deposit books for Accounts Nos. 748 and 749 to the bank, which was directed to pay such funds to the United States for application to the above judgment. The court also awarded the bank $400 in attorney's fees to be paid out of the above accounts.

■ Although the tax adjudged to be due was $27,155.39, the deposits totaled only $2,300.94 plus interest. The United States appealed from the award of $400 in attorney's fees to the bank. On appeal, the bank neither submitted a brief nor presented argument. 26 U.S.C. § 6321 (1954 Code) provides for a lien for unpaid taxes in favor of the United States upon the taxpayer's personal property, including bank deposits. Notice of the federal tax liens pertaining to the assessment against Charles and Dorothy Wergeles was duly filed with the Secretary of State, Hartford, Connecticut on April 24, 1963. The present taxpayer's accounts in the form of revocable trusts were subject to these liens.

■ It is well established that accounts deposited in a bank by the depositor in trust for another are tentative trusts only, revocable at will until the depositor dies or completes the gift in his or her lifetime by some unequivocal act or declaration. Such a trust may be subject to claims of creditors. Fruchtman v. Manning, 156 Conn. 500, 242 A.2d 723 (1968); Fasano v. Meliso, 146 Conn. 496, 152 A.2d 512 (1959); Stamford Sav. Bank v. Everett, 132 Conn. 92, 42

---

1. It appears from the record that the court did not rule directly on the portion of the bank's counterclaim which was in the nature of interpleader. Instead, the court granted the government's motion for summary judgment and ordered that the bank "deliver to the United States a check payable * * * in the full net amount of said accounts * * *." Therefore, we need not discuss further the issue of interpleader.

A.2d 662 (1945). See also Matter of Totten, 179 N.Y. 112, 71 N.E. 748 (1904); Beaver v. Beaver, 117 N.Y. 421, 22 N.E. 940, 6 L.R.A. 403 (1889); Mabie v. Bailey, 95 N.Y. 206 (1884); Matter of O'Sullivan's Estate, 173 Misc. 554, 18 N.Y.S.2d 439 (1940); Matter of Weinberg's Etate, 162 Misc. 867, 296 N.Y.S. 7 (1937).

■ We take judicial notice that banks today frequently recommend, indeed solicit, the opening of trust accounts. Under the terms of such accounts, the depositor remains in control of the fund with the right of withdrawal during his lifetime, with the understanding that upon his death title to the funds vests in the designated beneficiary. Presumably, experienced bankers also know full well that such accounts may be subject to federal tax liens. Consequently, the possibility of disputed claims to the funds is not an unexpected business risk. The duty of a bank as a primary depository is to hold the fund; and ordinarily when conflicting claims arise, it becomes merely a stakeholder. When the United States brought suit in the case at bar to reduce the tax liens to judgment and have the sums in the two accounts applied in reduction of such judgment, the bank, as a depository, became only a disinterested stakeholder.

Assuming arguendo, that a bank-stakeholder could enforce a lien for attorney's fees in the absence of prior federal tax liens, it is evident that no such lien for attorney's fees is enforceable when the available funds are insufficient to satisfy a judgment based on prior federal tax liens.

■ The bank may not rely on 26 U.S.C. § 6323(b) (8), which provides for priority for an attorney's lien *when the attorney's efforts procured a judgment against which a previously filed federal tax lien has attached.* No efforts by the bank procured any such judgment.

Nor can the bank gain relief under 26 U.S.C. § 6323(e) (3), which provides that a *lien or security interest deemed to be prior to a federal tax lien* shall extend to reasonable expenses, including attorney's fees incurred in collecting or enforcing the secured obligation. There is no lien or security interest (independent of the attorney's fees) which has priority over the federal tax lien in this case.

Moreover, the equitable doctrine of reimbursement by way of allowance for attorney's fees, recognized in Sprague v. Ticonic National Bank, 307 U.S. 161, 164, 59 S.Ct. 777, 83 L.Ed. 1184 (1939), has no application here since no fund was unconditionally created as a result of the appellee bank's action. See Cutler v. American Federation of Musicians of United States and Canada, 231 F. Supp. 845, 849 (S.D.N.Y.1964), aff'd 366 F.2d 779 (2nd Cir.1966), cert. denied, 386 U.S. 993, 87 S.Ct. 1309, 18 L.Ed.2d 338 (1967).

We hold that a disinterested bank-stakeholder is not entitled to attorney's fees from a fund when the total amount in the fund is insufficient to satisfy prior federal tax liens. United States v. R. F. Ball Construction Co., 355 U.S. 587, 78 S.Ct. 442, 2 L.Ed.2d 510 (1958); United States v. Liverpool & London S. Globe Ins. Co., 348 U.S. 215, 75 S.Ct. 247, 99 L.Ed. 268 (1955); United States v. Wilson, 333 F.2d 147 (3rd Cir.1964); Seaboard Surety Company v. United States, 306 F.2d 855 (9th Cir.1962); United States v. Henry's Bay View Inn, Inc., 191 F.Supp. 632 (S.D.N.Y.1960).

We reverse the judgment insofar as it awarded $400 in attorney's fees from the amount on deposit with the bank.