[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Defendant William Ryan has moved to strike counts one, two, four and six, of the plaintiffs' complaint on the ground that the text of these counts of the complaint sets forth no facts supporting a cause of action against him.
STANDARD OF REVIEW
CT Page 11925
The function of a motion to strike is to test the legal sufficiency of a pleading. Practice Book § 152; Ferryman v.Groton, 212 Conn. 138, 142 (1989). A motion to strike admits all facts well pleaded; Cyr v. Brookfield, 153 Conn. 261, 263 (1965); and the allegations of the complaint are to be given the same favorable construction the court would be required to give them in admitting evidence under them. Ferryman v. Groton,212 Conn. 138, 142. If any facts provable under the express and implied allegations in the claim support a cause of action, the complaint should not be stricken. Bohan v. Last, 236 Conn. 670, 674 (1996). The complaint must be construed in the manner most favorable to sustaining its legal sufficiency. Sassone v. Lepore,226 Conn. 773, 780 (1993); Michaud v. Wawruck, 209 Conn. 407, 408 (1988).
The plaintiffs have alleged in paragraph one of the first count that they signed an agreement to purchase a new single family residence from "the defendant William Ryan Trustee." They have further alleged at paragraph three that "William Ryan Trustee and William Ryan" constructed the new home in an unskilled and unworkmanlike manner. The first count claims a violation of § 47-118 C.G.S., the New Home Warranties Act.
The cited statute, § 47-118 C.G.S., provides at subsection (a) that certain warranties are implied "[I]n every sale of an improvement by a vendor to a purchaser." The Appellate Court has ruled that the Act applies to "builder/vendors".Krawiec v. Blake Manor Development Corp., 26 Conn. App. 601
(1991). The Act provides at § 47-116 C.G.S., that "vendor" means "any person engaged in the business of erecting or creating an improvement on real estate." Since the plaintiff had alleged that William Ryan built the house at issue, the first count of their complaint adequately states a cause of action against him.
The second count alleges breach of an express warranty that the house was built in accordance with standard building practices and in accordance with all applicable building codes. The movant, William Ryan, claims that since the seller is identified as "William Ryan Trustee" any contractual claim can be asserted only against the party with whom the plaintiffs contracted. This argument depends on the inference that "William Ryan Trustee" must necessarily be some other entity than William Ryan. If, for example, there were no actual trust of which William Ryan was a trustee in entering into the sales/construction agreement with the plaintiffs, then there CT Page 11926 would be no legally cognizable separate entity. The fact that a party refers to himself as a trustee in a transaction is not conclusive as to whether a trust was established. Fruchtman v.Manning, 156 Conn. 500, 504 (1968).
The Supreme Court has indicated that assumptions should not be the basis of construction of pleadings in adjudicating a motion to strike; rather, if any facts provable under the express or implied allegations in a claim support a cause of action, the complaint should not be stricken Bohan v. Last, 236 Conn. 670,674 (1996). In Bohan v. Last, the plaintiff asserted that others at a bar had tortiously supplied alcoholic beverages to a minor. The Court reasoned that under some conceivable factual proof, the acquaintances of the minor who were alleged to have provided him with drinks at the bar could have been "purveyors" of alcoholic beverages and therefore could be liable, even though the complaint did not set forth the manner in which they were claimed to be purveyors. Bohan v. Last. 236 Conn. 678, 680.
In the case before this court, if the use of the word "trustee" does not in fact denote a valid trust and a distinct role of William Ryan separate from his individual capacity, the plaintiffs could prove the claims set forth in the second and sixth counts against William Ryan individually.
In the fourth count, the plaintiffs allege that both defendants misrepresented the quality of the materials used. These allegations sufficiently state a cause of action for negligent misrepresentation against William Ryan.
Construed in accordance with the principles set forth inBohan v. Last, the challenged counts of the complaint are sufficient to state causes of action against William Ryan. The motion to strike is therefore denied.
BEVERLY J. HODGSON JUDGE OF THE SUPERIOR COURT