[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff brings this contract action for damages, attorney's fees and interest.
Defendant denies the pertinent claims of the complaint, files a special defense of non-renewal, and a three count counterclaim.
The court dismissed counts One and Two of the counterclaim.
 Facts
Plaintiff (YPC) is in the business of selling its services in regard to "Yellow Pages" advertising in telephone directories.
In August of 1993 the plaintiff contacted the defendant about a contract to provide services to reduce defendants yellow pages advertising costs. Plaintiff was to receive 50% of all savings from such advertising. CT Page 9183
On January, 19. 1994 the parties entered into a "Consulting Agreement" (Agreement). Guy Tomassi, Jr., signed for defendant and David Ford (Ford) for the plaintiff. Ford was not yet admitted to the Connecticut bar.
In a letter of August 12. 1993 before the signing of the agreement plaintiff told defendant that it had "several ideas that will result in significant savings in your yellow page advertising." In an enclosure dated June 26, 1991 with that letter plaintiff claims. "In a great majority of cases, we actually increase the size of the ad." Nothing is said about reducing the size of the ads.
Ford had worked for SNET and was knowledgeable about its yellow page ads. This knowledge included certain terms of art about such ads. Plaintiff never spoke in such terms to defendant.
After the signing of the agreement there is correspondence from plaintiff to defendant indicating that "all of your information has been implemented with the phone company." But none of that correspondence even suggests how it was implemented or that a reduction in the size of the ads was had.
The method for obtaining savings was not put in the agreement or ever disclosed after its signing even though in the agreement plaintiff agrees "to disclose information on how to reduce the directory advertising expense."
The agreement as written makes plaintiff the defendant's exclusive agent. The plaintiff told defendant not to talk to the SNET yellow pages people. From those people defendant might easily have found out that the savings resulted from use of a reduced size of ad. As the plaintiff's witness made clear, bigger is almost always better when speaking of such ads.
Defendant paid in full for the first year of the contract before it saw any ads.
The agreement provides for an interest penalty at the rate of 18% per year.
There is an automatic renewal provision in the agreement which requires plaintiff to "show[s] customer ways to save money." This was never done. CT Page 9184
The agreement provides for liquidated damages. The complaint claims "liquidated damages in the amount of three times the yearly savings." In our case that would result in damages of about $100,000.
 Law
False may mean designedly untrue, implying an intention to deceive. Balch Pontiac Buick Inc. v. Commissioner of MotorVehicles, 165 Conn. 559, 564. Plaintiff's actions were calculated to deceive and they did.
Fraud vitiates all contracts, Pacelli Bros. Transportation v.Pacelli, 189 Conn. 401. 409.
Fraud includes all acts, omissions and concealments, by which an undue and unconscientious advantage of another is taken. Id. 410.
Ordinarily to prove fraud a party must show that there was a representation of a fact; that the fact, if disclosed, was untrue when asserted; that it was known by the speaker to be untrue; that the purpose of the statement was to induce the listener to act on it, and that the listener did rely upon it and act to his injury. Ceferatti v. Boisvert, 137 Conn. 280, 283.
The same rules apply to fraud by concealment or omission, except that the party charged either must have had a duty to disclose or the effect of the silence may be such as to actually produce a false impression in the mind of the other party. Eganv. Hudson Nut Products, Inc., 147 Conn. 344, 347.
The history of the relations of the parties and their contract make it clear that plaintiff deliberately failed in its duty to show or disclose that in order to achieve savings a reduction in size of defendant's ads would have to be made. The duty was self-imposed.
Even if there were no duty, legal or factual the non-disclosure here actually produced a false impression that the ads themselves would be essentially the same.
Defendant has not sustained its burden of proof in regard to its special defense. CT Page 9185
Plaintiff has not sustained its burden of proof in regard to the existence of a legal contract.
Defendant has not sustained its burden or proof in regard to its counterclaim.
Judgement for defendant on complaint.
Judgement for plaintiff on counterclaim.
O'Neill, J.