## ANTOINETTA FOSCHIA *v.* DOMENICK FOSCHIA ET AL.

[No. 32, October Term, 1929.]

*Decided January 7th, 1930.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

70

*W. LeRoy Ortel,* for the appellants.

*Vincent L. Palmisano* and *Malcolm J. Coan,* submitting on brief, for the appellees.

PATTISON, J., delivered the opinion of the Court.

The appellant, Antoinetta Foschia, widow of John Foschia, who died on the 15th day of August, 1928, filed her bill against the appellees, Domenick Foschia, the Provident Savings Bank of Baltimore, and herself, as administratrix of John Foschia, deceased, alleged therein that John Foschia, on December 12th, 1925, opened a savings account with the Provident Savings Bank of Baltimore, which at the time of his death showed a credit of $1,905. The deposit was made in the name of "John Foschia in trust for self and Domenico Foschia, joint owners, subject to the order of either, the balance at death of either to belong to survivor." "That the said passbook was in the possession of the said John Foschia from the date on which the account was opened until August 15th, 1928, the day of his death, and that the said John Foschia, deceased, had full control and dominion over said money mentioned in said passbook at all times and never intended the funds therein to be held in trust for his brother, Domenick Foschia." "That on the morning of his death he sent for his son, John Foschia, Jr., and made known to him the location of the aforesaid passbook and other papers, with instructions to bring them to his bedside, whereupon he made a gift of said passbook and the funds therein to Antoinetta Foschia, his wife, but upon examination of said book by Antoinetta Foschia, she discovered the name of Domenick Foschia therein, and upon mentioning the same to John Foschia, her husband, he authorized her to have brought before him immediately T. Bayard Williams, his attorney, for the purpose of seeing that the gift of the funds in the aforesaid passbook went to his wife, and not to his brother Domenick Foschia; he alleging at the time that it was not his intention to have this money pass to Domenick Foschia, his brother, and that it was his wish that his wife should receive

the aforesaid funds and all his estate; that his counsel did not appear until after closing hour of the bank, and that he was unable to write or have the money withdrawn out of bank, but still being of sound mind and able to understand, he verified the said gift to his wife and denied that he wanted his brother Domenick Foschia to have the same." That the appellant produced the passbook at the bank and demanded the withdrawal of the money credited thereon, but it was refused her.

The prayers of the bill asked, first, that the funds so deposited in bank be declared the funds of Antoinetta Foschia, and second, that the bank be restrained or enjoined in paying the funds so deposited therein to any one until final disposition of the case, and for general relief.

Answers to the bill were filed by Antoinetta Foschia, administratrix of John Foschia, and the Provident Savings Bank of Baltimore, while Domenick Foschia demurred to the bill, which demurrer was sustained and the bill dismissed, the costs to be paid by the defendants.

It has been decided a number of times by this court that the words here found in the passbook are sufficient to create a trust, unless it be shown that, by the use of them, it was not the intention of the donor or owner of the fund to create such trust. The use of the words trust, or trustee, does not create a trust, when it was not the intention of the party using them that a trust should be created. Nor are these words essential to create a trust where it is clearly and convincingly shown a trust was intended to be created. *Taylor v. Henry,* 48 Md. 550; *Milholland v. Whalen,* 89 Md. 216; *Seabrook v. Grimes,* 107 Md. 410; *Austin v. Central Savings Bank,* 126 Md. 144; *Stone v. National City Bank,* 126 Md. 235; *Pearre v. Grossnickle,* 139 Md. 274; *Sturgis v. Citizens Nat. Bank,* 152 Md. 654; and other cases.

Whether or not a trust has been created in any given case is, in the last analysis, a question of intention. *Stone v. National City Bank,* 126 Md. 238.

Whether, in this case, John Peschia intended to create a trust is open to inquiry, as in other like cases, and the appel-

lant, the plaintiff below, should be allowed to show that, by the words used, a trust was not intended to be created. In presenting this question for the consideration of the court, the bill should contain an allegation thereon, stated with sufficient definiteness and particularity.

In the bill is found the allegation that John Foschia "never intended the funds therein (those deposited in bank) to be held in trust for his brother Domenick Foschia." This is a direct allegation of the intention of John Foschia not to create a trust in the funds so deposited for the use of his brother Domenick Foschia, and while the allegation may appear rather general in its terms, can it be said it is insufficient for want of greater particularity and definiteness? It would be difficult for us to say in what the allegation is wanting or insufficient, or to suggest what more should be said therein. It is, of course, incumbent upon the appellant to support this allegation by the introduction of proper evidence, but it is not necessary, we think, that she should be required to state in her bill all the facts upon which she relies in support of such allegation.

The demurrer, we think, should have been overruled, and the defendant Domenick Foschia required to answer the bill. Therefore, the order sustaining the demurrer and dismissing the bill will be reversed.

> *Order reversed and case remanded, with*
> *costs to appellant.*