THE STAMFORD SAVINGS BANK *v.* CLINTON J. EVERETT, EXECUTOR (ESTATE OF JOHN B. EVERETT), ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued March 7—decided May 3, 1945.

*Frank J. DiSesa,* assistant attorney general, with whom, on the brief, was *Francis A. Pallotti,* attorney general, for the appellant (Robert J. Smith, commissioner of welfare).

*William C. Ward,* for the appellee (named defendant).

MALTBIE, C. J. John B. Everett, before his death in 1920, deposited certain moneys in an account in the plaintiff bank in his name as trustee for Richard E. Everett and James H. Everett. The account is still in existence and the plaintiff brought this interpleader action for the purpose of determining who is entitled to the money. The executor of the will of John B. Everett, the heirs, representatives and creditors of Richard E. Everett, a temporary administrator of the estate of James H. Everett, the commissioner of welfare of the state, and the town of Darien were made parties. In response to the interlocutory judgment of interpleader, only the executor of the estate of John B. Everett, the commissioner of welfare, and the town filed statements of claim. The trial court gave judgment in favor of the executor and the commissioner has appealed.

The facts found, slightly amplified from the draft finding, present this situation: The money deposited was that of John B. Everett, and some or all of it came from the estate of his father, William H. Everett. James and Richard were brothers of John. James lived in Darien, Connecticut. He was something of a ne'er-do-well, in continuous need of assistance. Money withdrawn from the account by John was used to pro-

vide support and maintenance for James and to pay taxes and charges on property in Darien which had been the family homestead while William Everett was alive and on which James continued to live after his father's death. John and other members of the family visited James at the homestead from time to time. After John's death his widow and children continued to provide support for James and to furnish equipment for his use in the house. They, however, became tired of supporting him, and the state, through its commissioner of welfare, and the town of Darien spent considerable sums of money for him. Richard was in sound financial condition and the only explanation suggested for including his name in the account as one of those for whom it was held in trust was that he might use the fund as John had done in the event of the latter's death. Richard and James are both dead. Richard knew about the fund but expressly disclaimed any interest in it both before and after John's death, and since Richard's death his next of kin have made a like disclaimer. James did not know about the account until after John's death and then claimed no interest in it, nor has anyone representing his estate made any claim to the fund. The account was opened by John solely for his own convenience, without any intention that it would ever belong to anyone else; specifically, he did not intend to make a gift to or create a trust for either Richard or James. The trial court concluded that the money belongs to John's estate and should be paid to his executor.

In order that the account should amount to a trust fund in which Richard and James, or either of them, would have a beneficial interest, John must have so intended; and the fact that the title of the account states that it is in trust for them is not conclusive, but only evidence, that there was such an intent.

*Birge v. Nucomb,* 93 Conn. 69, 74, 105 Atl. 335; *Parkman* v. *Suffolk Savings Bank,* 151 Mass. 218, 219, 24 N. E. 43; *Foschia* v. *Foschia,* 158 Md. 69, 71, 148 Atl. 121; 1 Scott, Trusts, p. 335 et seq. That John intended to draw upon the account in part at least to furnish support for James does not establish that the latter had, or his estate has, a legal interest in it, so long as John intended to retain full control over the use and disposition of the fund. *Robertson* v. *Parker,* 287 Mass. 351, 354, 191 N. E. 645. The trial court could properly find that no trust was in fact established as regards the fund. If the estate of James has no legal interest in the money, still less does the state; its very defective statement of claim does allege that the money used for James was in affording him old age assistance; the state's only right to recover on account of it would be by virtue of § 743c of the General Statutes, Cum. Sup. 1935; that merely provides that "upon the death of a beneficiary, the state shall have a claim against his estate" for amounts which have been paid to him; the state would have no direct claim upon the fund in the hands of the bank but only one upon the estate of James; and it could reach the money only in the event that it came into the possession of James's administrator. The fact that the latter is not entitled to it disposes of any claim the state might have.

There is no error.

In this opinion the other judges concurred.