WARREN F. CRESSY, EXECUTOR (ESTATE OF CHARLES G. MULSON) v. EVA FISHER ET AL.

SUPERIOR COURT     FAIRFIELD COUNTY     FILE No. 80329

Memorandum filed December 30, 1949.

Cressy, Bartram, Melvin & Sherwood, of Stamford, for the Plaintiff.

Curtis, Brinckerhoff & Barrett, of Stamford, for the Defendants.

ALCORN, J. The plaintiff executor seeks a determination of the ownership of certain savings bank accounts and a savings and loan association account, and an allowance of expenses and counsel fees in connection with the action. The defendants admit the allegations of the complaint, claim ownership of the deposits in issue, and deny the propriety of allowing attorney's fees in this action.

The decedent died on October 12, 1948, leaving a will dated March 4, 1929, under which the plaintiff has qualified and is now acting as executor. The defendants are the decedent's only survivors, a daughter, Eva Fisher, and two granddaughters, Barbara Fisher and Violet Ulrich (formerly Violet Fisher). The decedent's will provided first for the payment of all his debts and funeral expenses and then gave the rest, residue and remainder of his estate to the named executor in trust.

The defendant granddaughters share equally in the trust, while their mother, Eva Fisher, takes nothing under it. The only provision made for her in the will was a residuary one in the event that the granddaughters predeceased the testator.

Following the death of the decedent, deposits were found in his own name in certain banks. In addition there was found in his name, as trustee for Eva Fisher, Violet Fisher and Barbara Fisher, deposit No. 86834 in the Citizens Savings Bank, Stamford, amounting to $7582.92, and a deposit in his name as trustee for Violet Fisher (now Violet Ulrich), No. 83651 in the Stamford Savings Bank, Stamford, amounting to $7681.39. In connection with these accounts the decedent executed and filed with the respective banks cards stating, except for variations in punctuation, as follows: "The principal and interest of this account are the property of the trustee individually and, during his life, shall be drawn only by him. At his death, they shall be paid to the beneficiary, if alive, otherwise to the trustee's personal representatives."

There was also found in the decedent's name, as trustee for Barbara Fisher, account No. 39795 in the Bridgeport Peoples Savings Bank of Bridgeport, amounting to $3146.72, in connection with which the decedent had executed and filed a card stating as follows: "The principal and interest of this account are the property of and may be drawn by the trustee during his life. Upon the death, resignation, or legal incapacity of the trustee, this trust shall cease and upon proof to the satisfaction of the bank of such an event, the principal and interest of this account, less any loans that may be outstanding against the same, shall be payable to the order of the beneficiary or his or her guardian or conservator as the case may be. If the beneficiary shall die during the incumbency of the trustee, the trust shall terminate and the full amount of this deposit less any loans that have been made for which the account is security, including interest, shall be payable to the trustee. The undersigned agrees that all deposits made in this account are and shall be subject to the aforesaid terms and conditions "

There was also found at the First Federal Savings and Loan Association at Greenwich, account No. 1516 in the name of the decedent as trustee for Mrs. Eva Fisher and Miss Violet Fisher (now Violet Ulrich), amounting to $6701.57, in connection with which the decedent had filed a card signed by him containing the following: "I the undersigned grantor do hereby give and

grant the savings share account applied for on the reverse side hereof, together with all payments and dividends thereon, to the trustee named on the reverse side hereof; to have and to hold the same in trust, for the beneficiary named on the reverse side hereof, for the following uses and purposes, to wit: To repurchase and transfer the same in whole or in part, and to exercise full control over the participation value thereof as though the account were held absolutely free and discharged of any trust, and without obligation on the part of the association to look to the application of the fund. In the event of the death of the trustee, the association shall, if the beneficiary has attained the age of    years, transfer or pay the repurchase value of the account to the beneficiary, free and discharged of any trust; and if at the death of the trustee named the beneficiary has not attained such age, the association is authorized to name and appoint a suitable person or persons as successor trustees to hold the account until the beneficiary has attained such age, at which time such successor trustees shall transfer and assign to the beneficiary the account, free and discharged of any trust. Such successor trustees shall have the same powers and control over the account as the trustee herein named."

All deposits in the accounts described were made by the decedent during his lifetime and all withdrawals therefrom were made by him. All of the books remained entirely in his possession except for a brief period before his death when certain unspecified ones were placed with his daughter Eva Fisher, subject entirely to his control. All withdrawals from the accounts were expended by the decedent for his own support and not for the benefit of any of the beneficiaries named.

With respect to what is described in the complaint as "Deposit in First Federal Savings & Loan Association of Greenwich," no facts are stated which would differentiate it in any particular, or in legal effect, from the other three accounts in savings banks. Counsel mention in argument that the customary procedure in federal savings and loan associations is to buy participating shares, and the card signed by the decedent refers to "the savings share account applied for." The item involved is described in the complaint, however, as a "Deposit . . . in the amount of $6,701.57," and , since the court is necessarily limited to the bare allegations of the complaint as to the pertinent facts, there appears no warrant for construing this item in any different category than the accounts in the savings banks described.

It is conceded that the accounts are the property of the estate unless they amount to valid declarations of trust by the decedent. The question involves a determination of the depositor's intent and the further question whether or not an attempted testamentary disposition is involved, either because no interest passed to the beneficiary before the depositor's death or because of the extent of the power to deal with the account reserved by the depositor during his life. In order that the accounts may amount to valid trusts, the decedent must have so intended and the fact that the title of the account states that it is in trust is not conclusive but only evidence of such intent. *Stamford Savings Bank* v. *Everett*, 132 Conn. 92, 94. The intention of this decedent gives no difficulty upon the admitted facts. The cards signed by him and filed with the banks when the accounts were opened satisfactorily manifest his intention to create valid revocable trusts. It seems apparent that it was his intention that the trusts should come into existence when the deposits were made even though under their terms they were subject to a condition subsequent should he elect to make withdrawals wholly or in part. It is not possible to find upon the admitted facts that the accounts now in issue differ in amount from the sums originally deposited. It does appear that withdrawals and deposits were made, but the amounts thereof are not disclosed and for aught that appears any withdrawals may have been offset by deposits. The first of the trust accounts was established some five months after the decedent had made his will and the last one was established about a year and a half before his death.

It is to be noted that the trust of the deposit in the Bridgeport Peoples Savings Bank was not ambulatory until the depositor's death because of the provision that the trust should cease not only upon the death but also upon the "resignation or legal incapacity" of the trustee. In the case of the trust of the deposit with the Federal Savings & Loan Association, no attempt is made to transfer the full legal title to the beneficiary named upon the bare eventuality of the death of the depositor, but, instead, provision is made for a possible successor-trustee in the event that the beneficiary is under a certain age. It is true that the age is left blank in the allegations of the complaint, but whether this was from oversight or not does not appear. It might be remarked in passing that with respect to the trust of this account the successor-trustee is given "the same powers and control of the account as the trustee herein named," which taken literally could mean the right to disburse the fund for the trustee's own purposes.

The somewhat extensive discussion in other jurisdictions of the common practice of a depositor in a savings bank opening an account in his name as trustee for a designated beneficiary has crystallized in 1 Restatement, Trusts § 58, as follows: "Where a person makes a deposit in a savings account in a bank in his own name as trustee for another person intending to reserve a power to withdraw the whole or any part of the deposit at any time during his lifetime and to use as his own whatever he may withdraw, or otherwise to revoke the trust, the intended trust is enforceable by the beneficiary upon the death of the depositor as to any part remaining on deposit on his death if he has not revoked the trust." See also *Cohen* v. *Newton Savings Bank,* 320 Mass. 90; *Matter of Totten.* 179 N. Y. 112, 71 N. E. 748.

It is concluded that the accounts described in the complaint constituted valid revocable trusts for the benefit of the respective beneficiaries, and that the amounts represented by the deposits belong to the respective beneficiaries named therein and not to the depositor's estate.

No construction of the depositor's will is involved in the present action, and expenses and counsel fees cannot be awarded. General Statutes § 7997.

Enter judgment accordingly.