PAUL J. DRISCOLL, ADMINISTRATOR (ESTATE OF RICHARD P. HAGGERTY) *v.* THE NORWICH SAVINGS SOCIETY ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued November 6—decided December 16, 1952

*Charles V. James,* for the appellant-appellee (defendant Tarrant, executor).

*Allyn L. Brown, Jr.,* with whom, on the brief, was *Charles W. Jewett,* for the appellant-appellee (plaintiff).

JENNINGS, J. This case involves the ownership of joint savings bank accounts. The finding is not attacked by the defendant Tarrant and is not subject to correction as urged by the plaintiff. It may be summarized as follows: Richard P. Haggerty and Mary Ellen O'Neill were married in Norwich in 1905. They lived together until their death in 1948, part of the time in Norwich and part of the time in New York. Mr. Haggerty was regularly employed until 1938. Mrs. Haggerty also worked.

As early as 1913, while still in Norwich, these people started to build up an estate through deposits in savings banks. After they went to New York they deposited substantial amounts in New York savings banks, two of the accounts being in their joint names. They returned to Norwich in 1938 and, while it is not expressly found, it is apparent that the amounts deposited in the New York banks were transferred to Norwich banks. There was some interchange of these Norwich accounts but all were joint accounts and similar circumstances attended their opening. In each account the words "Payable to either or survivor" were placed on either the ledger sheet or the bankbook, or both, the signature cards were signed

by both parties and they were together when the account was opened. There were at least eleven withdrawals from these accounts the withdrawal slips for which were signed by Mrs. Haggerty. The parties owned a $1000 war bond, payable to either or the survivor, in addition to the savings deposits described.

In 1945 the parties visited an attorney in Norwich who drew mutual wills at their request. Mrs. Haggerty's will gave the life use of her property to her husband and the remainder to charity, while Mr. Haggerty's will gave his property to her with a request that it be devoted to the same charities. In 1948 Mrs. Haggerty requested the same attorney to prepare a codicil to her will. This did not materially change its terms. Mrs. Haggerty died March 18, 1948, and Mr. Haggerty March 31, 1948. The parties to this appeal are their respective personal representatives. Some cash, the bankbooks, the bond and other papers were in a trunk in the bedroom occupied by Mr. and Mrs. Haggerty. Before she went to the hospital Mrs. Haggerty asked a friend to take the money and "to take charge and attend to things." The friend did take the money, bankbooks and papers and, after Mrs. Haggerty's death, turned them over to her executor.

The basis for the judgment is stated therein as follows: "And now the court, having heard the plaintiff and the defendant John R. Tarrant, executor, finds the issues between them for the plaintiff, and that at the time the respective deposits, evidenced by the bank books, Exhibits A, B, C, and D, in this case in the three Norwich savings banks, were made, that it was the intention of the said Richard P. Haggerty and Mary O'Neill Haggerty, now both deceased, that each of said deposits be established

as joint tenancies with the right of survivorship, and
that upon the death of Mary O'Neill Haggerty on
the 18th of March, 1948, the surviving husband,
Richard P. Haggerty, became the sole owner of and
entitled to the entire principal of each deposit. . . ."

As far as appears, Mr. and Mrs. Haggerty trans-
acted all of their business affairs together. They
were, of course, in the close relationship of husband
and wife. Both worked and presumably both con-
tributed to the fund. They went together to open and
transfer the accounts. Both signed signature
cards. Each account was appropriately denominated
"Payable to either or survivor." The bankbooks
were in a trunk in a room occupied by both. The
question of the intent with which these transactions
were entered into was one of fact. *Bachmann* v.
*Reardon,* 138 Conn. 665, 667, 88 A.2d 391. The facts
recited, none of which were present in the *Bachmann*
case, fully justified the finding that it was the inten-
tion of both parties that "each of said deposits be
established as joint tenancies with the right of survi-
vorship." Once this was established, judgment for
the plaintiff followed as a matter of course. *Bach-
mann* v. *Reardon,* supra.

The recent *Bachmann* case, supra, contains a suc-
cinct but comprehensive review of the law on this
subject and cites many cases. It is unnecessary to
repeat that discussion here. It is true that in the
*Bachmann* case the same trial judge decided against
the claims of the survivor. This merely emphasizes
the factual nature of the proposition. As noted
above, none of the facts recited as supporting the
finding in the case at bar were present in the *Bach-
mann* case. On the contrary, facts were found in that
case which definitely negatived any intent to make
an immediate transfer. It is also to be noted that in

the case at bar we are concerned with joint action on property already jointly owned. In the *Bachmann* case and most of those cited therein the act was that of the donor alone, without the participation and sometimes even without the knowledge of the donee.

It is unnecessary to consider the plaintiff's claim that he can recover on the basis of a contract between the parties and the bank. The defendant Tarrant claims that the court's conclusions as stated in the finding fail to support the judgment. This is true but, under the circumstances, is harmless error. "[A]n obvious mistake will be disregarded . . . where the court makes it in stating one of its conclusions, where the subordinate facts found accorded with the allegations of the pleadings and supported the judgment." Maltbie, Conn. App. Proc., § 17, p. 23.

Finally, the defendant Tarrant claims that the terms of the wills conclusively negative an intent that Mr. Haggerty should have any interest in the joint accounts as of the date of their creation. Suffice it to say that the wills may be at most some evidence of such an intent. They are far from conclusive.

We are informed that the decision in these cases will cause uncertainty and confusion in banking circles. There is no reason for this. In the first place, the bank is protected by statute for payment to the survivor. General Statutes § 5831. In the second place, the opportunity is open to have the parties sign a written expression of their intention at the time they open the account or thereafter. If these methods are not productive of satisfactory results, resort may be had to the legislature to create a presumption, as was done in the case of contributory negligence. General Statutes § 7836.

There is no error on the defendant's appeal.

The judgment allowed counsel fees to the three stakeholding banks and $1000 for that purpose to the plaintiff and to the defendant Tarrant. Costs and disbursements of $75.01 were also allowed to the plaintiff. The plaintiff filed a cross appeal from the allowance to Tarrant. The other allowances were not attacked.

Section 8220 of the General Statutes provides for an action in the nature of interpleader and reads in part: "Such court shall hear and determine all questions which may arise in the case, may tax costs at its discretion and, under the rules applicable to an action of interpleader, may allow to one or more of the parties a reasonable sum or sums for counsel fees and disbursements, payable out of such fund or property. . . ." As is noted in the plaintiff's brief, this statute is very broad. It gives the trial court a wide discretion. In the case at bar it is true that neither the plaintiff nor the defendant Tarrant was a stakeholder, but enough has been said to show that the outcome was not free from doubt. "Section 5911 [now § 8220] places the question of costs and an allowance in the discretion of the trial court." *Podzunas* v. *Prudential Ins. Co.,* 125 Conn. 581, 583, 7 A.2d 657. "The Act recognizes a remedy not only in favor of a stakeholder, within the narrow meaning of the original bill of interpleader, but in favor of any party interested in property of any description in the nature of a fund held by one person and which he cannot safely turn over to its apparent owner by reason of conflicting claims made by others." *Brown* v. *Clark,* 80 Conn. 419, 422, 68 A. 1001. In the absence of any requirement in the statute that counsel fees be awarded only to claimants who are stakeholders, we hold that the trial court did not abuse

its discretion in making the allowance to Tarrant. *Podzunas* v. *Prudential Ins. Co.*, supra.

There is no error on the plaintiff's appeal.

There is no error on either appeal.

In this opinion the other judges concurred.