JOHN A. HALISEY, EXECUTOR (ESTATE OF CHARLES PARANDES) *v.* LOIS B. HOWARD

BALDWIN, C. J., KING, MURPHY, SHEA and BORDON, Js.

Argued May 3—decided June 13, 1961

*Donald O'Brien,* for the appellant (plaintiff).

*Robert L. Krechevsky,* with whom, on the brief, was *Robert K. Killian,* for the appellee (defendant).

BALDWIN, C. J. The plaintiff's decedent, Charles Parandes, and the defendant, Lois B. Howard, each owned an undivided half interest in real property in East Lyme. On February 1, 1954, they conveyed this property to Allyn H. and Eugenia H. Rogers and took, in payment, a note payable in equal monthly instalments of principal and interest drawn "to Charles Parandes and Lois B. Howard, or order" for $12,000, secured by a mortgage on the property. The mortgage deed was recorded in the East Lyme land records. The defendant had physical possession of the note at all times. By agreement, the makers of the note sent their monthly payments to the defendant, and she sent one-half of each payment to the plaintiff's decedent during his lifetime. The decedent and his wife, who died sometime prior to 1954, and the defendant and her husband, George Howard, had been friends for many years. George Howard died on March 3, 1955, leaving the defendant, his widow, with two minor children. On May 8, 1957, the decedent executed an assignment of his interest in the note and mortgage to the defendant. The assignment was recorded on the same day in the town clerk's office in East Lyme. All of the payments to the decedent of his share of the collections made on the note were accepted and retained by him so long as he lived. He died on July 5, 1959, leaving a will which has been admitted to probate. There is no specific reference in the will to the note and mortgage, and there is no devise or bequest of any kind to the defendant. The decedent did not endorse the note, nor did he tell the defendant that he had made any assignment to her. She gave no consideration for the assignment and was not aware of the execution and recording of it until after the decedent's death. At the time suit was

instituted, $9863.40 in principal and $363.52 in interest were due on the note. The plaintiff, as executor, claims the right to one-half of these amounts despite the assignment. The Court of Common Pleas concluded that there was a valid gift inter vivos and rendered judgment for the defendant, from which the plaintiff has appealed.

To make a valid gift inter vivos of personal property, the donor must deliver possession of the subject of the gift to the donee with the present intention that the title shall pass immediately. *Fasano* v. *Meliso,* 146 Conn. 496, 502, 152 A.2d 512, and cases cited. In the case at bar, the mortgage note was already in the possession of the donee, apparently with the donor's consent. No manual delivery of the note was necessary. *Fasano* v. *Meliso,* supra. The crucial question is whether the execution and recordation of the assignment manifested a present intention of the decedent to divest himself of his title to the note and mortgage and vest it in the defendant. It is to be presumed that the decedent knew the contents of the writing which he signed unless the contrary is shown. *Rockwell's Appeal,* 54 Conn. 119, 121, 6 A. 198. The terms of the assignment are unequivocal. It is an instrument sufficient in law to vest in the defendant all of the title which the decedent had in the land mortgaged. General Statutes § 49-10; *Second National Bank* v. *Dyer,* 121 Conn. 263, 267, 184 A. 386; note, 48 A.L.R.2d 1405, 1409. An endorsement of the note was not necessary to pass title to it. *Myrtilles, Inc.* v. *Johnson,* 124 Conn. 177, 180, 199 A. 115; *Goodsell* v. *McElroy Bros. Co.,* 86 Conn. 402, 408, 85 A. 509; *Brown* v. *Brown,* 18 Conn. 410, 416; see General Statutes § 39-50. The defendant had rightful possession of the note, and the written assignment of

both the note and the mortgage effectively deprived the decedent of all control over them. *Kriedel* v. *Krampitz,* 137 Conn. 532, 534, 79 A.2d 181, and cases cited. An intended gift inter vivos cannot be defeated because the donor also intended to postpone the enjoyment of it to a future date; *Bachmann* v. *Reardon,* 138 Conn. 665, 667, 88 A.2d 391; *Candee* v. *Connecticut Savings Bank,* 81 Conn. 372, 374, 71 A. 551; or because the donee was not informed of the gift. *Burbank* v. *Stevens,* 104 Conn. 17, 23, 131 A. 742; *Hartford-Connecticut Trust Co.* v. *Slater,* 114 Conn. 603, 613, 159 A. 578. The intent of the donor is the determinative factor. What his intent was raises an issue of fact. *Flynn* v. *Hinsley,* 142 Conn. 257, 262, 113 A.2d 351; *Driscoll* v. *Norwich Savings Society,* 139 Conn. 346, 349, 93 A.2d 925; *Costello* v. *Costello,* 136 Conn. 611, 616, 73 A.2d 333. In concluding that the decedent, Charles Parandes, intended to make a present gift inter vivos to the defendant, the trial court, upon the facts, reached a reasonable and logical conclusion and correctly followed recognized principles of applicable law.

There is no error.

In this opinion the other judges concurred.