CHARLES B. ALAIMO, ADMINISTRATOR (ESTATE OF GIACOMO LORINO) *v.* THE FIRST NATIONAL BANK OF THOMPSONVILLE

SUPERIOR COURT        HARTFORD COUNTY        FILE NO. 127138

Memorandum filed February 20, 1963

*Francis J. Fahey,* of Thompsonville, for the plaintiff.

*Philip Tatoian,* of Thompsonville, for the defendant.

COTTER, J. The administrator of deceased's estate seeks damages for payment by the defendant bank, to a survivor named in a bank account, of $7622.86 remaining in the account of deceased at the time of his death, claiming that the estate had the right to such account.

The deceased, Giacomo Lorino, established the account in question on June 6, 1960. At that time he had a heart condition and planned a trip to Italy. He went to the bank in company with his brother Ciro and told Antonio Gannuscio, the president, that he wanted his mother, Antonina Lorino, to draw out money as he needed it while away and to be hers as his survivor. Thereupon, Anthony F. DiLorenzo, a vice president, was directed to change a former account, opened in 1950, to a survivorship account. The signature card was executed as follows:

"We hereby agree to the By-Laws . . . and the agreement printed on the reverse side.

No. 471   1.  Giacomo Lorino    His x Mark
             or

       2.  Antonina Lorino, My Survivor

Witness:      his
            Ciro  x  Lorino
                mark
Witness:

          Antonio Gannuscio
          Date June 6, 1960"

The reverse side provided as follows: "We hereby agree with each other that any money which is

now deposited or may hereafter be deposited to the joint credit of our account No. 471 in the First National Bank of Thompsonville; shall be subject to the provisions of this agreement to the effect that either of us shall have full power at all times to draw, subject to the rules of said Bank and applicable provisions of the Connecticut General Statutes, any or all of such money so deposited; and that upon the death of either of us, any money then standing to the credit of said joint account shall belong to the survivor absolutely, who hereby, for himself, his heirs, executors and administrators; agrees to hold the said Bank harmless against any claim or demand by the heirs or representatives of the one deceased."

When the account was originally opened in 1950, the signature card read "Giacomo Lorino $\overset{\text{his}}{\underset{\text{mark}}{\text{x}}}$ In case of death money to go to Antonina Lorino my survivor." Giacomo came to the bank to change the account so that the money would belong to his mother in survivorship. The president told him he would cancel the old account and do as he wished. After the account was established, Giacomo gave the bankbook to his mother and she kept it in a trunk in their home.

The plaintiff claims a true survivorship account was not established and it was an attempt to create a testamentary disposition, and cites *Driscoll* v. *Norwich Savings Society*, 139 Conn. 346, and *Flynn* v. *Hinsley*, 142 Conn. 257. These cases were decided before the statute which is now § 36-3 of the General Statutes. The statute in effect at the time the account was established (June 6, 1960) provided that where a deposit was made "in the names of two persons and in form to be paid to either or the survivor of them . . . may be paid to either during the

lifetime of both or to the survivor after the death of one of them, and such payment and the receipt or acquittance of the one to whom such payment is made shall be a valid and sufficient release and discharge for all payments so made. The making of a deposit . . . in such form shall, in the absence of fraud or undue influence, be conclusive evidence, in any action or proceeding respecting the ownership of, or the enforcement of the obligation created or represented by, such deposit . . . , of the intention of both of the named owners thereof to vest title to such deposit . . . , including all additions and increments thereto, in such survivor." (The 1961 amendment to the statute, inapplicable to this case, merely clarified the application of the statute to accounts issued to more than two persons.) The *Driscoll* and *Flynn* cases are concerned with the principles of law to be considered in a case where a decedent has made a gift of a survivorship bank account and discuss the requirements of a valid gift inter vivos. All this has been changed by passage of what is presently § 36-3 in 1953 and its later amendments. Cum. Sup. 1955, § 2779d.

Both New York and California have statutes similar to the above, and those jurisdictions have decided that where there is survivorship the conclusive presumption created by the statute is applicable in favor of the survivor to moneys still remaining in the account at the time of death. *Paterson* v. *Comastri,* 39 Cal. 2d 66; *Moskowitz* v. *Marrow,* 251 N.Y. 380; note, 66 A.L.R. 881, 884; 7 Am. Jur. 302, Banks, § 428 n.13. It has been stated that the statute becomes a part of the contract between the bank and the depositors of the account; *Medeiros* v. *Cotta,* 134 Cal. App. 2d 452; and in earlier cases it was held that where circumstances of the case, sometimes aided by statutory presumption, indicate a survivorship account, the survivor takes

by virtue of contract right. *McDougald* v. *Boyd,* 172 Cal. 753; *Ludwig* v. *Brunner,* 203 Mich. 556; *Illinois Trust & Savings Bank* v. *VanVlack,* 310 Ill. 185. There was no evidence to indicate a contrary intention upon the part of deceased except the claim as to the words used on the face of the signature card. It has been said that in the absence of contrary evidence, a presumption created by statute is sufficient to establish the rights in, or title to, the deposit in the survivor. *In re Taylor's Estate,* 213 Mich. 497.

Claim is likewise made that the survivor did not sign the signature card when the account was established. However, where the intent of a deceased depositor to create a joint account and the bank's agreement to do so are sufficiently established, the survivor may take the balance, although there is no evidence he even knew of the account. *Vaughan* v. *Milliken National Bank,* 263 Ill. App. 301; see also *Hill* v. *Badeljy,* 107 Cal. App. 598; note, 103 A.L.R. 1123, 1137.

It has been held in many cases that the contract between the bank and the donor and donee dispenses with the need for delivery of the passbook. *Chippendale* v. *North Adams Savings Bank,* 222 Mass. 499; *Perry* v. *Leveroni,* 252 Mass. 390; note, 48 A.L.R. 189, 203 n.73. While there was testimony of such delivery in this case, the conclusive presumption created by statute would not require it.

The court is asked to disregard the agreement on the reverse side of the signature card even though the depositor by signing agrees to such printed agreement. This it cannot do. Nor can it disregard the conclusive presumption under the statute and the expressed intention of the deceased, made to his brother and the president of the bank and in turn conveyed to the vice president DiLorenzo. The

plaintiff points to practices of the bank carried out in setting up other accounts. Such evidence is of little value, since we must look to what was established in this case and the intention manifested by the deceased in executing his agreement. Any element of gift was minimal or lacking, and there appeared a clear intention to create the essential elements of joint ownership and survivorship. Such intention should be given that effect and the survivor entitled to the fund.

The defendant bank "is protected by statute for payment to the survivor. General Statutes § 5831 [now, as amended, § 36-3]." *Driscoll* v. *Norwich Savings Society,* 139 Conn. 346, 350. The court must so find in this case.

The issues are found, and judgment may enter, for the defendant.