IDA HANSEN v. NICHOLAS NORTON, COMMISSIONER, CONNECTICUT STATE WELFARE DEPARTMENT

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued November 9, 1976—decision released January 25, 1977

*Edward F. Pasiecznik,* assistant attorney general, with whom, on the brief, was *Carl R. Ajello,* attorney general, for the appellant (defendant).

*Peter J. Alter,* for the appellee (plaintiff).

BARBER, J. The Court of Common Pleas sustained an appeal from a decision of the welfare commissioner holding that the plaintiff was ineligible for

assistance from the state for her medical expenses, and the defendant has appealed to this court from the judgment rendered thereon.

On April 5, 1974, the plaintiff, a patient in a convalescent home, applied for public assistance from the state of Connecticut under its title XVII medical assistance program. See General Statutes, c. 302, part IV. The plaintiff's application form stated that on May 22, 1973, her savings account with a Hartford bank in the amount of $27,427.88 had been transferred to trust accounts for her grandchildren to be used for their college expenses. The application was denied on the ground that this disposition of money was in fact a transfer of property without receipt of fair value, making the plaintiff ineligible for title XIX medical assistance. The plaintiff then requested and was given a statutory fair hearing under §§ 17-2a and 17-2b of the General Statutes. The fair hearing officer authorized by the welfare commissioner to conduct the hearing upheld the denial of the plaintiff's application for medical assistance, and the plaintiff appealed the fair hearing decision to the Court of Common Pleas, pursuant to § 17-2b.

One of the conditions of eligibility for medical assistance is that the applicant shall not have made, "within seven years prior to the date of application for such aid, an assignment or transfer or other disposition of property without reasonable consideration." General Statutes § 17-109 (e) ; § 17-134e. The fair hearing officer found that the money in the bank account always had been intended for the grandchildren's college expenses; made no finding as to the creation of a trust prior to May 22, 1973, when the plaintiff transferred the money from her savings

account to a designated trust fund for her grandchildren; and concluded that by this transfer the plaintiff did in fact dispose of $27,427.88 without receipt of fair value. The trial court, however, found that the facts as disclosed by the record favored the conclusion that a trust account was created by the plaintiff's husband in 1967 and, therefore, no transfer of the plaintiff's personal property was made in 1973, but rather a mere change of bank account numbers and the substitution of the plaintiff's son as trustee.

The Uniform Administrative Procedure Act provides that the judicial review of an agency decision shall be confined to the record and that the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. General Statutes § 4-183 (f) and (g). The trial court in this case concluded that the decision of the agency was affected by an error of law and sustained the appeal. General Statutes § 4-183 (g) (4).

We, however, are not persuaded that the trial court's conclusion that a trust was created in 1967 is supported by the evidence and the applicable law. The reliable, probative and substantial evidence before the fair hearing officer indicates that on May 2, 1973, when the plaintiff's husband died, the bank account in question was held jointly by the plaintiff and her husband. After her husband's death, the plaintiff, on May 22, 1973, issued a letter[1]

---

[1] "Hartford, Conn.
May 22, 1973

To Whom It May Concern:

I, Ida M. Hansen, being of sound mind, do transfer the total amount in account #019-2-00042-0 of the Hartford National Bank

purporting to transfer this account to a trust account. Over a period of years, the plaintiff and her husband had three different savings accounts in their names. On February 3, 1967, the plaintiff and her husband withdrew the sum of $7,500 from one bank account having a balance of $11,174.41 and placed this sum of $7,500 in a new account. On April 23, 1970, when the new account had a balance of $19,190.15, the sum of $15,000 was withdrawn and placed in a "choice passbook account" bearing a higher rate of interest. This third account was No. 019-2-00042-0 with the Hartford National Bank. On April 5, 1972, an additional sum of $4,661.15 was deposited in this account and the maturity date was extended to April 5, 1974. The passbook record on this later account discloses that no withdrawals were made until August 22, 1973, when the sum of $27,427.88 was withdrawn and the account was closed. There is evidence that the plaintiff and her husband intended to provide money for their grandchildren's college education. There is, however, no substantial evidence that the plaintiff and her husband ever did more than manifest a mere intention to create a trust at some subsequent time.

One owning property can create an enforceable trust by a declaration that he holds the property as

& Trust Company to a trust account to be established in the name of or names of my grandchildren.

This money is to be used for college expenses only that may be incurred by my grandchildren, Jo-Ann P. Hansen, Mark J. Hansen, and Holly L. Hansen. This account will be administered by their parents, Robert E. and Janet W. Hansen.

This is done at the wishes of my late husband, Johannes E. Hansen, whose intention it was to make such a transfer prior to his death. I am fully in agreement with this wish.

Ida M. Hansen"

trustee for the benefit of another person. Restatement (Second), 1 Trusts § 17 (a); 1 Scott, Trusts (3d Ed.) § 17.1. An oral declaration may be sufficient to create an inter vivos trust of personal property, even without consideration and without delivery. *Hebrew University Assn.* v. *Nye,* 148 Conn. 223, 229, 169 A.2d 641; 1 Scott, op. cit. §§ 28, 32.2. Moreover, the settlor may reserve extensive powers over the administration of a trust. *DiSesa* v. *Hickey,* 160 Conn. 250, 264, 278 A.2d 785; *Cherniack* v. *Home National Bank & Trust Co.,* 151 Conn. 367, 369, 198 A.2d 58. No trust, however, is created unless the settlor presently and unequivocally manifests an intention to impose upon himself enforceable duties of a trust nature. *Hebrew University Assn.* v. *Nye,* supra; see *Stamford Savings Bank* v. *Everett,* 132 Conn. 92, 95, 42 A.2d 662; 76 Am. Jur. 2d, Trusts, § 34. "If what has been done falls short of showing the complete establishment of a fiduciary relationship, as where the intent to become a trustee is doubtful because what was said or done is as compatible with an intent to make a future gift as with an intent to hold the legal title to property for the exclusive benefit of another, the proof fails to show more than a promise without consideration." *Cullen* v. *Chappell,* 116 F.2d 1017, 1018 (2d Cir.).

In this case there was no written declaration of trust before May 22, 1973, and none of the bank accounts shows any manifestation of intent to create a trust. Section 36-110 (1) (a) of the General Statutes provides that no savings bank, state bank or national banking association "shall accept any deposit made by one person in trust for another unless the same is accompanied by a statement

signed by the depositor giving the name and residence of the beneficiary." See *Fasano* v. *Meliso,* 146 Conn. 496, 152 A.2d 512. Section 36-3 provides that when a joint survivorship deposit is made or such an account is issued, the making of the deposit or the issuance of the account in such form shall, "in the absence of fraud or undue influence, or other clear and convincing evidence to the contrary, be prima facie evidence, in any action or proceeding respecting the ownership of, or the enforcement of the obligation created or represented by, such deposit or account, of the intention of all of the named owners thereof to vest title to such deposit or account, including all additions and increments thereto, in such survivor or survivors." See *Grodzicki* v. *Grodzicki,* 154 Conn. 456, 226 A.2d 656.

The evidential history pertaining to the three joint savings accounts is consistent with the ordinary management of savings accounts which seeks federal deposit insurance coverage and higher interest rates and by itself affords no proper basis for an inference of manifestation of intent to create an enforceable trust. That the plaintiff or her husband might have intended to draw upon the joint accounts at some time to provide for the costs of a college education for their grandchildren does not establish that the latter had a beneficial interest in the accounts. *Stamford Savings Bank* v. *Everett,* supra. Although there is an absence of evidence establishing creation of a valid trust, there is substantial evidence that the plaintiff did in fact dispose of $27,427.88 without receipt of fair value as concluded by the fair hearing officer.

There is error, the judgment is set aside and the case is remanded with direction to render judgment dismissing the appeal.[2]

In this opinion the other judges concurred.

[2] Section 17-109 (e) of the General Statutes provides that one condition of eligibility is that a person applying for assistance "has not made, within seven years prior to the date of application for such aid, an assignment or transfer or other disposition of property without reasonable consideration or for the purpose of qualifying for an award." On December 10, 1976, a memorandum of decision in the case of *Buckner* v. *Maher* was filed in the United States District Court (D. Conn.) holding that this statute creates an improper presumption and violates the federal supremacy clause. No such claim was made in this case at any stage of the proceedings.