[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION (RE: EXEMPTION FROM EXECUTION)
The application of Dolores Gray to quash or exempt an execution on a joint bank account she holds with her daughter, Pamela Atwood, is denied.
The named plaintiff obtained a judgment against Pamela Atwood in the amount of $5,512.00 on August 8, 1990, which is unsatisfied.
On August 10, 1992 Dolores Gray changed an account at the Savings Bank of Rockville from her name solely to a joint account with rights of survivorship with her daughter, Pamela Atwood.
On January 22, 1993, an execution was issued on the account in favor of the judgment creditor.
The applicant to quash the execution (Dolores Gray) testified that she at all times retained possession of the passbook, paid any taxes from earned interest, and that the alone made deposits and withdrawals to the account and that it was not her intention to pass title to her daughter at that time. (At the same time she opened this account in question, Mrs. Gray also established similar joint accounts with two of her other children).
The applicant argues that our statutes, while defining the interest of the survivor(s) to a joint account, do not define the co-depositors' inter vivos interests and that, under common law, that is to be determined by the facts of the individual case and a finding as to the intent of the donor, citing Bachman v. Reardon, 138 Conn. 665, 667-668
CT Page 3395 (1952) and Schembre v. Eichelberg, 7 CSCR 123, (1991).
This was not a trust account, but a current joint account. Ms. Atwood could have withdrawn funds from the account as a co-owner, thus to all the world was held out to be an owner of the account. The funds in the account were hers as much as they were the applicants (See Connecticut General Statutes Section 36-3, which provides that such funds maybe paid to any of the joint owners). See also United States, et al v. First Bank, 586, F. Supp. 174 (1983), which held that under Connecticut law, co-holders of a joint account are each considered owners of the entire account, with access to the entire account.
The Court finds that Ms. Atwood, under the law of this state, had ownership rights to the account which could be executed upon. Accordingly, the Motion to Quash the execution is denied.
BY THE COURT,
Lawrence C. Klaczak Judge, Superior Court