[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On November 26, 1991, the plaintiff, Mark K. Bryant, commenced an action against the defendant, Duke Travel Service, Inc., seeking payment for services he allegedly rendered for Duke Travel Services. The defendant counterclaimed for damages.
In February, 1993, the parties stipulated to arbitration and the case was tried before an arbitrator in April and March of 1993. On April 22, 1993, the arbitrator awarded the plaintiff $17,045.49, plus interest at a rate of 8% from January 1, 1990. The arbitrator did not award any amount to the defendant on its counterclaim. On June 14, 1993, judgment on the award was entered and the defendant did not appeal.
On or about May, 1993, the defendant established an escrow account at Glastonbury Bank Trust [the account], entitled "Duke Tours, Client Deposits, 273 Hebron Avenue, Glastonbury, CT 06033." On February 3, 1994, the plaintiff applied for a bank execution for $21,900.01, a copy of which is attached to the plaintiff's motion for exemption. On February 15, 1994, the sheriff, pursuant to the application for a bank execution, obtained a bank execution on the CT Page 12312 account.
On March 10, 1994, the defendant filed an amended motion for exemption requesting that the court order that the "client deposits" account be exempted from the plaintiff's bank execution and that the court determine the interests of the respective parties in the "client deposits" account, purportedly pursuant to General Statutes § 52-356(c) or, in the alternative General Statutes § 52-367 et seq. On April 18, 1994, the defendant filed a memorandum of law in support of the motion for exemption. The plaintiff filed an objection to the motion for exemption, dated April 4, 1994. On April 4, 1994, this court held a hearing on the motion for property exemption and the motion for determination of disputed interests in property; at this hearing, the defendant presented the testimony of Francis Jordan, an accountant and tax preparer for Duke Tours and other small businesses in Connecticut.
In support of its motion for exemption, the defendant argues that, as a corporation in the business of making group travel and tour arrangements, it requires its clients to pay fully refundable deposits. The defendant asserts that for some time, the defendant commingled these funds with corporate funds, but, in May, 1993, upon the advice of counsel, the defendant opened a separate account for these deposits at Glastonbury Bank Trust Co.[1] The defendant first argues that it is a "[t]rustee in possession of CLIENT DEPOSITS, and as such TRUSTEE, [the defendant] is acting in [sic] behalf of the third party claims for his CLIENTS DEPOSITS and therefore may bring this Motion under [General Statutes § 52-356c]." The defendant further argues that if the court rules that General Statutes § 52-356c does not apply in the present case, alternatively, General Statutes § 52-367 et seq. applies to bar the present bank execution.
In opposition to the motion for exemption, the plaintiff asserts that the defendant created the account for the sole purpose of avoiding execution in the present case. The plaintiff argues that the defendant may not invoke General Statutes § 52-356c for either of two reasons: 1) § 52-356c
applies only to property executions, and not to bank executions; or 2) § 52-356c does not provide a mechanism by which the judgment debtor can attain a determination of disputed interests in property. The plaintiff further asserts CT Page 12313 that the defendant is not a trustee for its customers and that the creation of an account with the title of "clients deposits" does not automatically create a trustee account, regardless of whether or not those funds are refundable.
General Statutes § 52-356c, entitled "Determination of interests in disputed property," provides, in pertinent part, that
 [w]here a dispute exists between the judgment debtor or judgment creditor and a third person concerning an interest in personal property sought to be levied on, or where a third person claims that the execution will prejudice his superior interest therein, the judgment creditor or third person may, within twenty days of service of the execution or upon application by the judgment creditor for a turnover order, make a claim for determination of interests pursuant to this section.
(Emphasis added.) General Statutes § 52-356c(a).
One superior court judge has ruled that General Statutes § 52-356c does not apply to bank executions. There are no appellate level cases addressing this issue. In Schembre v. Eichelberg, 5 CONN. L. RPTR. 736 (1991) (Axelrod, J.), the court held that "the reference in Section52-356c(a) to a determination of interest in disputed property refers to personal property levied on under a property execution and not to a bank execution." Id. The court further stated that § 52-356a, which governs property executions, "specifically exempts from a property execution debts due from a banking institution" and, consequently, that "[t]he `interest in personal property to be levied on' referred to in Section 52-356c(a) is personal property other than debts due from a banking institution." Id. Accordingly, this court also rules that, because the present case involves a bank execution, the defendant may not invoke General Statutes § 52-356c.
As stated above, General Statutes § 52-356c(a) states "the judgment creditor or third person may . . . make a claim for determination of interests pursuant to this CT Page 12314 section." Section 52-356c limits those who may invoke this mechanism for determining respective interests in property to judgment creditors and third parties; the statute plainly excludes judgment debtors. See O'Connell, Flaherty Attmore v. Maratta, Superior Court, Judicial District of Hartford/New Britain at Hartford, DN 514093 (March 23, 1994) (Langenbach, J.). The defendant argues, however, that it is not bringing the motion for the determination of interest as the judgment debtor, but rather as the trustee for the clients whose funds he claims are in the bank account. Accordingly, the court must determine whether the defendant is the trustee for its clients.
A trust is comprised of three elements: "(1) a trust res; (2) a fiduciary relationship between a trustee and a beneficiary requiring the trustee to deal with the trust res for the benefit of the beneficiary; and (3) the manifestation of an intent to create a trust." Goytizolov. Moore, 27 Conn. App. 22, 25, 604 A.2d 362 (1992), citing 1 Restatement (Second), Trusts 2. "`Whether a relationship of trust or of agency is created depends upon the intention of the parties.'" Fuessenich v. DiNardo, 195 Conn. 144,159-60, 487 A.2d 514 (1985), quoting 1 Scott, The Law of Trusts (3d Ed.) 8, p. 78. "No trust . . . however, is created unless the settlor presently and unequivocally manifests an intention to impose upon himself enforceable duties of a trust nature." (Citations omitted.) Hansen v.Norton, 172 Conn. 292, 374 A.2d 230 (1977).
In addition, General Statutes § 36-110, entitled "Deposits in trust," provides, in part:
 No savings bank, state bank and trust company, savings and loan association or national banking association shall accept any deposit made by one person in trust for another unless the same is accompanied by a statement signed by the depositor giving the name and residence of the beneficiary. Such statement may also specify the terms of the trust thereby created. . . .
General Statutes § 36-110(a)(1). The court finds that the defendant did not establish the existence of such a written CT Page 12315 declaration.
Also, there is no evidence that clients, as purported "settlors," intended that their funds were to be held in trust. Moreover, the court finds that the defendant did not establish the existence of a written declaration of trust, as required by General Statutes § 36-110(a)(1). Accordingly, the court finds that the defendant may not invoke § 52-536c because he is the judgment debtor.
The defendant further argues that the account is exempt from execution pursuant to General Statutes § 52-367 et seq. Section 52-367a, which governs the execution against debts due from banking institutions when the debtor is not a natural person, provides, in part:
 Execution may be granted pursuant to this section against any debts due from any banking institution to a judgment debtor which is not a natural person. . . . If any such banking institution upon which such execution is served and upon which such demand is made is indebted to the judgment debtor, it shall pay to such officer . . . the amount of such indebtedness not exceeding the amount due on such execution, to be received and applied on such execution by such officer. . . . If such banking institution fails or refuses to pay over to such officer the amount of such debt, not exceeding the amount due on such execution, such banking institution shall be liable in an action therefor to the judgment creditor named in such execution, and the amount so recovered by such judgment creditor shall be applied toward the payment of the amount due on such execution.
This provision does not provide a mechanism by which the judgment debtor, or a third party, for that matter, may challenge a bank execution. Rather, this provision allows that the bank, upon being served with the execution, must only pay "the amount of such indebtedness" if "indebted to the judgment debtor." The court finds that this provision, by implication, allows the bank to challenge the bank execution where there is a claim that the bank is not CT Page 12316 indebted to the judgment debtor for the amount of the money judgment claimed in the execution. But the judgment debtor itself, when not a natural person, is without recourse to challenge a bank execution under General Statutes § 52-367a; that task is reserved to the banking institution. Accordingly, despite the defendant's claim that the account does not contain funds belonging to the defendant corporation, but, rather, contains refundable funds belonging to clients, the defendant has no redress under § 52-367a.
At the April 4, 1994 hearing on the motion for exemption, defendant's counsel stated that he was "sure that if the Court so prefer[red,] . . . the third party or bank counsel [could] . . . bring essentially the same . . . motion for exemption. . . . It's your opinion, your Honor. . . . and the parties agree to offer testimony with respect to the issues in this matter." Transcript, p. 2. This court replied that it would "reserve decision" on whether it is proper for the defendant itself to assert the motion for exemption, but that it would "hear the evidence while everybody is here." Transcript, p. 3.
Upon consideration of the "merits" of the motion for exemption under General Statutes § 52-367a, the defendant has failed to establish that a trust was created by the establishment of the account. See Section I, supra. Accordingly, the motion for exemption, inasmuch as it is based upon General Statutes § 52-367 et seq., is denied.
In conclusion the court finds that General Statutes § 52-356c is not an available remedy in the present case on either of two alternative theories: 1) General Statutes § 52-356c is not applicable in the context of a bank execution, see Schembre v. Eichelberg, supra, 7 CSCR 123; and 2) because the defendant is not a trustee for its clients, but rather is the judgment debtor itself, the defendant may not invoke General Statutes § 52-356c, seeO'Connell, Flaherty Attmore v. Maratta, Superior Court, JD of Hartford/New Britain at Hartford, DN 514093 (March 23, 1994) (Langenbach, J.). Also the defendant has no redress under General Statutes § 52-367 et seq. because, pursuant to that provision, the ability to challenge a bank execution is reserved to the banking institution itself. CT Page 12317
Accordingly, the motion for exemption is denied.
Langenbach, J.