[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 7067
This is an action by the plaintiff, Fernando Alves, against his sister, Lydia Esteves, claiming a one-half interest in a joint account which was established at The People's Bank in Bridgeport on or about August 7, 1984.
There is little dispute as to the facts of the case which may be summarized as follows:
In 1984, the mother of the parties, Isura Alves, received the sum of $208,000 in settlement of an action involving the death of her husband, Manual Alves. Upon settlement, Isura Alves gave each of the parties the sum of $50,000 as a gift from her. The balance of $108,000, was placed in a certificate of deposit at the People's Bank, the passbook reading "Fernando Alves or Lydia Esteves" with the notation, "Payable to either or survivor". Subsequent to the initial deposit, Isura Alves deposited an additional amount of $20,000 from her own separate funds. Interest payments in the account were paid to Isura Alves for living expenses. On August 5, 1994, the account contained a balance of $128,326.76, which was withdrawn by the defendant, Lydia, and placed in a new account at the People's Bank in the joint names of the defendant, her husband and son Michael.
The plaintiff contends that by opening the joint account in his and his sister's name, Isura Alves intended to make an inter vivos gift to her children, thereby intending to transfer ownership of the funds to them, and thereby entitling him to one-half of the funds in the account.
the defendant contends simply that there was no intention to make an inter vivos gift and no intention to relinquish control over the funds.
The plaintiff cites as support for his position, Connecticut General Statutes § 36a-209 (b) which provides:
 (b) The establishment of a deposit account or share account which is a joint account under subsection (a) of this section is, in the absence of fraud or undue influence, or other clear and convincing evidence to the contrary, prima facie evidence of the intention of all of the named owners thereof to vest title to such account, including all CT Page 7068 subsequent deposits and additions made thereto, in such survivor or survivors, in any action or proceeding between any two or more of the depositors, respecting the ownership of such account or its proceeds.
The plaintiff's testimony adds very little to the facts already noted, except that the plaintiff paid income taxes on interest from the account, which was given to the mother, Isura and, in addition, that when the account was opened, the money belonged to both but was not to be touched until her death.
Isura Alves, with the aid of an interpreter, testified among other things, that she never told her children that the $108,000 deposited at the opening of the account was their money, but, that it was hers. She constantly repeated this, both, on direct and cross-examination.
On direct examination, Lydia Esteves testified that although the money is now in a joint account with her husband and son, she knows it is not her money, but her mother's. Under cross-examination, she testified that upon the death of her mother, the funds are to be divided between her and her brother, Fernando. She testified finally that on one occasion her mother desired to restore the account to its original state but the plaintiff rejected the same and consulted a lawyer.
The narrow issue in the case is whether Isura Alves made an inter vivos gift of funds to the plaintiff and defendant, which would entitle the plaintiff to legally claim an interest in the account.
A valid gift inter vivos of personal property requires both the delivery of the possession of the property and an intent by the donor that title shall pass immediately. "It is essential, however, that the original owner's intent be to pass the title or ownership immediately," Bachman v. Reardon, 138 Conn. 665, 667. The facts in the Bachman case, supra, are very similar to our case. The donor in that case placed funds belonging to him, in his name and in the name of his brother, Timothy, payable to either or survivor. The court in that case stated that the intent to make a present gift might be inferred from the bare fact that George had directed that the account be made payable either to himself or to Timothy, but that this was not conclusive, Bachman
at pg. 668. Evidence that George was the only one who made CT Page 7069 deposits to the account was evidence as to the intent of the donor. There was also statements that they donor wanted the donee to have the funds if he should get hurt or pass away. In theBachman case, supra, the court concluded that there was not a valid gift to Timothy because there was no intent that title to the funds pass immediately.
The case of Driscoll v. Norwich Savings Society, 139 Conn. 346,349, cited by the plaintiff is not relevant. In that case, the issue arose only after the death of one of joint tenants, and, in such cases, the rights of the survivor follows immediately.
In this case, the money initially deposited in the joint account belonged entirely to Isura Alves. In fact, she made a subsequent deposit to the account in the amount of #20,000. Her testimony was that it was convenient to place the money in the joint names of her children because she had difficulty with the English language. She exercised some measure of control in that a condition of establishing the account was that the interest be paid to her. It was her constant position that the money be distributed to her children after her death.
When a joint account such as we are dealing with here is established for the convenience of the donor, Bergen v. Bergen,177 Conn. 53 at pg. 55 and, where the donor maintains some control over the money, it is evidence of an intent not to pass title immediately. Kukanskis v. Jasut, 169 Conn. 29, 35.
Apart from this, the plaintiff's reliance on C.G.S. §36a-290 (b) is misplaced. In his memorandum, the plaintiff asserts that because a joint account with the right of survivorship was established, by virtue of such, the plaintiff is entitled by law to an interest in the account. Section 36a-290
(b) deals only with the right of survivors. That this section has no bearing on the issue of inter vivos gifts is borne out by § 36a-290 (a) which provides only for the protection of banks which pay to either donee to the joint amount or to any survivor.
The plaintiff had the burden of proving by a fair preponderance of the evidence that he was the recipient of an inter vivos gift intended to pass title to him immediately.
The court is unable to find that the plaintiff has sustained such burden. CT Page 7070
Judgment may enter in favor of the defendant with costs.
BELINKIE, JUDGE REFEREE